E-filing

LAURENCE W. PARADIS (CA Bar No. 122336)
ANNA LEVINE (CA Bar No. 227881)
KARLA GILBRIDE (CA BAR NO. 264118)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704
Telephone:  (510) 665-8644
Facsimile:  (510) 665-8511
TTY:  (510) 665-8716
Email:  general@dralegal.org

SCOTT C. LABARRE (to seek pro hac vice admission)
LABARRE LAW OFFICES, P.C.
1660 S. Albion Street, Ste 918
Denver, Colo 80222
Telephone:  (303) 504-5979
Fax:  (303) 757-3640
slabarre@labarrelaw.com

DANIEL F. GOLDSTEIN (to seek pro hac vice admission)
MEHGAN SIDHU (to seek pro hac vice admission)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:  (410) 962-1030
Fax:  (410) 385-0869
dfg@browngold.com

Attorneys for Plaintiff

FILED
NOV - 3 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE ENYART

Plaintiff,

v.

NATIONAL CONFERENCE OF BAR EXAMINERS, INC., ACT, INC., AND THE STATE BAR OF CALIFORNIA,

Defendants.

Case No.: C09-05191

**COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*, AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE § 51, *et seq.*,**

Judge:

Action Filed: November 3, 2009

## INTRODUCTION

1. Plaintiff Stephanie Enyart ("Plaintiff") brings this action against the National Conference of Bar Examiners ("NCBE"), which develops and offers the Multistate Bar Examination ("MBE") and the Multistate Professional Responsibility Exam ("MPRE"), against ACT, Inc. ("ACT"), which administers the MPRE under contract with NCBE, and against the State Bar of California ("State Bar"), which administers the MBE to individuals who take that examination as a component of the California Bar Exam. Plaintiff brings this action for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Unruh Civil Rights Act, ("Unruh Act"), California Civil Code § 51 *et seq.*

2. The State Bar of California offers the California Bar Exam semiannually, in February and July. Two variants of the exam are offered for each sitting, the General Bar Exam that recent law school graduates must take, and the Attorneys' Exam, which is only available to individuals who are licensed in another jurisdiction and have been practicing law for at least four years. All those taking the General Bar Exam must take the MBE, a multiple-choice exam developed and disseminated by NCBE.

3. NCBE contracts with ACT to administer the MPRE three times annually, as well as to evaluate requests for accommodations on the test. The State Bar of California and all but four other U.S. jurisdictions require that applicants successfully pass the MPRE to practice law.

4. Plaintiff seeks declaratory and injunctive relief to compel NCBE, ACT, and the State Bar to provide the reasonable accommodations she requires for the MBE and the MPRE examinations.

5. Plaintiff, who is legally blind, requires accommodations to access the MBE and MPRE because of her sensory disabilities. Plaintiff has requested to take the MPRE with reasonable accommodations on three occasions, beginning with the March 2009 administration of the test. She requested the same set of accommodations for the August 2009 and November 7, 2009 administrations of the MPRE. All three of Plaintiff's requests have

*Enyart v. National Conference of Bar Examiners, Inc., et al.*
Complaint for Discrimination In Violation of the ADA, Cal. Civ. Code § 51, *et seq.*, and Cal. Civ. Code § 51, *et seq.*

1

1  asked for the ability to take the examination on a laptop computer equipped with screen
2  reading (JAWS) and screen magnification (ZoomText) software. Plaintiff also applied to take
3  the July 2009 administration of the California Bar Exam on a laptop computer equipped with
4  JAWS and ZoomText, and she recently requested the identical accommodations on the
5  February 2010 California Bar Exam. Plaintiff relied on this combination of assistive
6  technology as an accommodation on her examinations throughout law school, and relies on it
7  to complete her current work as a law clerk.

8  6.  Defendants denied Plaintiff's request to take the MPRE on a laptop computer
9  equipped with screen reading and screen magnification software for the March, August, and
10 November 2009 MPRE test administrations, causing Plaintiff not to sit for any of those three
11 test administrations. The State Bar granted Plaintiff's request to use a laptop with screen
12 reading and screen magnification software on the California-specific portions of the July 2009
13 California Bar Exam, but NCBE would not allow this accommodation with respect to the
14 MBE, causing Plaintiff not to take the Bar Exam in July 2009.

15 7.  The repeated denial of Plaintiff's needed accommodations threatens her with
16 irreparable harm to her career and professional development. Without injunctive relief from
17 the Court, Defendants' discriminatory actions are preventing Plaintiff from obtaining the
18 license to practice law.

## JURISDICTION

20 8.  This is an action for declaratory and injunctive relief brought pursuant to the
21 Americans with Disabilities Act Title III, 42 U.S.C. §§ 12101, *et seq.* and California's Unruh
22 Act, Cal. Civil Code §§ 51 *et seq.* This Court has subject matter jurisdiction over this action
23 pursuant to 28 U.S.C. § 1331.

24 9.  Under the doctrine of pendent and supplemental jurisdiction, this Court has
25 jurisdiction over Plaintiff's claims arising under California state law.

26 10. This Court has jurisdiction to issue injunctive relief and a declaratory judgment
27 pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

*Enyart v. National Conference of Bar Examiners, Inc., et al.*
Complaint for Discrimination In Violation of the ADA, Cal. Civ. Code § 51, *et seq.*, and Cal. Civ. Code § 51, *et seq.*

2

1      11.    Pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c), venue is proper in the District in which this Complaint is filed, because Defendants conduct discriminatory professional testing and licensing activities within the Northern District of California, and because the events and omissions giving rise to this claim have occurred and are occurring within the Northern District of California.

## PARTIES

12.    Plaintiff Stephanie Enyart is a 2009 graduate of the University of California Los Angeles School of Law, and a resident of Berkeley, California, where she is employed as a law clerk pending her admission to the Bar. Ms. Enyart is diagnosed with a form of retinal dystrophy known as Stargardt's Disease, which causes the deterioration of her central vision, creating a large blind-spot in the center of her visual field, as well as photophobia (extreme light sensitivity). Ms. Enyart's medical condition substantially limits her major life activities of seeing, reading, and processing information. She faces irreparable harm because of Defendants' ongoing failure to offer the MBE and MPRE in a manner accessible to her disabilities.

13.    Defendant NCBE is a large corporation which develops and controls various tests relating to the licensing of law school graduates seeking admission to the bar. Its mission includes assisting bar admission authorities by providing standardized examinations for the testing of applicants for admission to the practice of law. It is headquartered in Madison, Wisconsin, but controls the administration of the MBE and MPRE in nearly every state, including through multiple test centers in Northern California. The NCBE disseminates the MBE to jurisdictions that use the exam as a component of their bar examinations and determines the formats (print, Braille, electronic form, etc.) in which the MBE is offered, thus placing a constraint on the types of reasonable accommodations that entities such as the State Bar can offer to test takers with disabilities who must take the MBE as part of that jurisdiction's bar exam. NCBE contracts with ACT to undertake the review of individual requests for accommodations on the MPRE, but as with the MBE, NCBE is responsible for deciding in which formats the MPRE is made available to test-takers with disabilities.

*Enyart v. National Conference of Bar Examiners, Inc., et al.*
Complaint for Discrimination In Violation of the ADA, Cal. Civ. Code § 51, *et seq.*, and Cal. Civ. Code § 51, *et seq.*

3

14. Defendant ACT is a large organization that provides a broad array of assessment, research, information, and program management services in the area of education and particularly of standardized testing. ACT is headquartered in Iowa City, Iowa but operates its programs and, under contract with NCBE, assists in administering the MPRE in nearly every state, including through multiple test centers in Northern California.

15. The State Bar of California regulates the practice of law in California by establishing eligibility criteria for receiving a license to practice law in the state, evaluating applications for admission to the Bar, maintaining records of California attorneys, and conducting disciplinary proceedings. One of the criteria for gaining a license to practice law in California is passage of the California Bar Exam, which the State Bar administers and scores twice each year. The State Bar also evaluates the requests of applicants who wish to take the California Bar Exam with reasonable accommodations because of a disability. The State Bar conducts these activities throughout the state of California and has one of its two primary offices in San Francisco.

**FACTUAL ALLEGATIONS**

16. Plaintiff has been diagnosed with a form of macular degeneration known as Stargardts/retinal dystrophy. This condition causes large blind spots in the center of Plaintiff's visual field which continue to expand as she ages, leading to progressively worsening vision. Plaintiff's vision was essentially normal for the first several years of her life and she did not meet the criteria for legal blindness (20/200 vision or worse in the better eye with correction) until she was fifteen years old. She consequently learned to read print and developed her basic information processing skills as a visual learner.

17. During college Plaintiff learned to compensate for her deteriorating vision by using a computer equipped with two assistive software programs, JAWS and ZoomText. JAWS, a screen reading program, reads aloud the text displayed on the computer screen, while ZoomText, a magnification program, enlarges that text so that Plaintiff can use her remaining vision to visually process what the JAWS program is reading aloud. These two programs work together to consistently center each word on the magnified computer screen as the screen

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

reader pronounces each word. The reading mode available when running both software programs ensures that Plaintiff can get synchronized auditory and visual versions of the material while the blinking cursor methodically moves through the text, remaining in view on the magnified screen. This arrangement eliminates the need for her to visually scan the screen to find the text on which she wishes to focus, a task that would be physically exhausting to someone with her disability. This combination of assistive software is a common method of reading among people experiencing progressive vision loss, who use it to replicate, as much as possible, the way a sighted person would read text, and the way these individuals learned to read text themselves before they began to lose their vision.

18.   Plaintiff has relied upon the combination of JAWS and ZoomText to complete reading tasks for four years at the University of California at Los Angeles("UCLA") School of Law and in three legal internships. Plaintiff took all of her law school exams on a computer equipped with JAWS and ZoomText, and she uses these two programs in her current employment as a legal fellow at Disability Rights Advocates assisting people with disabilities who are homeless.

19.   Plaintiff applied to take the MPRE in March of 2009 and requested the reasonable accommodation of using JAWS and ZoomText to read the exam. Her request was denied in a letter from ACT, which stated that the MPRE "is not available in an electronic format." A second letter from ACT sent in response to Plaintiff's request for reconsideration reiterated the denial and cited security concerns as the reason for not providing the exam in such a format.

20.   Instead of allowing Plaintiff to take the March 2009 MPRE with assistive software, ACT offered her the option of taking the exam with a human reader and also allowing her to magnify the text of the exam on a CCTV. This would not have been an effective accommodation for Plaintiff.  A human reader cannot provide the same automatic synchronization of visual and auditory input as that which Plaintiff relies upon through use of the JAWS and ZoomText programs. Further, Plaintiff cannot use a traditional CCTV to read large amounts of text without experiencing extensive eye strain, fatigue and nausea. Plaintiff

---

*Enyart v. National Conference of Bar Examiners, Inc., et al.*
Complaint for Discrimination In Violation of the ADA, Cal. Civ. Code § 51, *et seq.*, and Cal. Civ. Code § 51, *et seq.*

5

explained these deficiencies of the alternative accommodation proposed by ACT and, when her request for reconsideration was denied, withdrew her application for the March MPRE because of the refusal of NCBE and ACT to provide her with an effective accommodation.

21. Plaintiff requested the same accommodations in her application for the August 2009 MPRE. ACT again denied her request and she was instead granted the use of a human reader or a CCTV to complete the exam. This alternative was again not an effective accommodation for Plaintiff's disability. It would have provided only auditory or only visual input rather than the combination of visual and auditory input that Plaintiff needs to read lengthy text. Plaintiff thus again withdrew her application to take the August exam because of the refusal of NCBE and ACT to provide her with effective accommodations.

22. Plaintiff requested the same accommodations for a third time when applying to take the November 2009 administration of the MPRE. On this occasion Erica Moser of NCBE wrote a letter to Plaintiff's attorney, Scott LaBarre, outlining the accommodations that Plaintiff would and would not be granted. The content of this letter was later confirmed by ACT. In place of Plaintiff's requested accommodation of taking the exam with JAWS and ZoomText, she was offered the option of reading the exam in 72-point print while listening to the questions on a CD. This accommodation would not have been effective because it still lacked the automatic synchronization between auditory and visual input that is provided by the software programs Plaintiff relies upon to read lengthy text. It also would not provide the tracking feature – the blinking cursor -that Plaintiff uses in the ZoomText program to focus her limited vision on the words being read aloud.  The alternative accommodations proposed by NCBE would cause the same problem of eye strain and fatigue from having to manually scan the printed page.  An audio CD also would not provide Plaintiff with the ability to easily move back and forth through portions of each question and each of the multiple choice answers the way Plaintiff can do with JAWS and ZoomText – a process that non-disabled test-takers automatically use in answering such questions.  As a result of the refusal of NCBE and ACT to provide the MPRE exam with Plaintiff's requested accommodations, Plaintiff was forced to once again defer taking this exam.

*Enyart v. National Conference of Bar Examiners, Inc., et al.*
Complaint for Discrimination In Violation of the ADA, Cal. Civ. Code § 51, *et seq.*, and Cal. Civ. Code § 51, *et seq.*

6

23. Plaintiff applied to the State Bar to take the July 2009 California Bar Exam and requested to use JAWS and ZoomText as part of her reasonable test accommodations. State Bar representatives informed her that all of her accommodations would be granted on the California-specific portions of the exam, specifically the California Essay Exam and the California Performance Test. However, the State Bar was unable to tell her whether the MBE could also be provided in an electronic format to be read on a computer because this decision had to be made by NCBE.

24. In late June a representative of the State Bar called Plaintiff to tell her that she might be eligible to participate in a "pilot program" that NCBE was offering to test takers who wished to read the MBE with assistive technology. Under this program, NCBE would provide test takers with laptop computers on which the JAWS screen reading program and a copy of the MBE questions had been pre-loaded.

25. Plaintiff inquired further and learned that the NCBE laptop would only be equipped with JAWS and that NCBE would not permit her to also install ZoomText on the computer. She concluded that the pilot program would not be a viable solution for her because it would not offer simultaneous auditory and visual input and would not provide the assistance with visual tracking that she needs in order to read lengthy text. Plaintiff decided not to take the California Bar Exam in July 2009, despite her accommodation request being granted in full for the state-specific portions of the exam, because of NCBE's refusal to provide an effective accommodation for the MBE portion of the bar exam.

26. Plaintiff recently applied to take the February 2010 California Bar Exam. In conjunction with her application, she requested the identical accommodations that she requested for the July 2009 California Bar Exam, including the ability to read all sections of the exam on a computer equipped with both JAWS and ZoomText.

27. The combination of screen reading (JAWS) and screen magnification (ZoomText) software is the only way that Plaintiff can effectively read and process the information contained in the MBE and MPRE questions because it is the only method that precisely synchronizes the auditory and visual presentation of the material while minimizing


1  Plaintiff's eye strain with the cursor tracking feature, thus enabling her to use her remaining
2  vision to read the entire exam.

3      28.    Because none of the alternative accommodations offered by Defendants would
4  provide the simultaneous auditory and visual feedback, as well as the assistance with visual
5  tracking, that Plaintiff used throughout law school and her legal work, these alternative
6  accommodations would not measure her mastery of the material tested by the exams but
7  would instead test the effects of her visual disability.

8      29.    Plaintiff is without a plain, speedy or adequate remedy at law, thereby
9  rendering injunctive relief appropriate in that:

10          a.    Damages cannot adequately compensate Plaintiff for the injuries suffered; and
11          b.    Damages for the harm inflicted upon Plaintiff are difficult to ascertain.

## FIRST CAUSE OF ACTION

## TITLE III OF THE ADA

14      30.    Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of
15  the complaint.

16      31.    Title III of the ADA prohibits discrimination by entities such as the NCBE,
17  ACT and the State Bar on the basis of disability. Such entities engage in discrimination when
18  they fail to make "reasonable accommodations to known physical or mental limitations" of
19  test-takers such as Plaintiff. 42 U.S.C. § 12112(b)(5)(A).

20      32.    The term "disability" includes, with respect to an individual, a physical or
21  mental impairment that substantially limits one or more of the major life activities of such
22  individual. 42 U.S.C. § 12102(2)(A). Plaintiff is a qualified individual with disabilities within
23  the meaning of 42 U.S.C. § 12102(2), and 28 C.F.R. §36.104.

24      33.    The ADA requires private entities that administer standardized examinations
25  "related to . . . applications, licensing, certification, or credentialing for . . . postsecondary
26  education [or] professional . . . purposes" to do so in a "place and manner accessible to
27  persons with disabilities or offer alternative accessible arrangements for such individuals." 42
28  U.S.C. §12189.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

34. The regulations implemented in accordance with the ADA provide that when an examination is administered "to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual or speaking skills...." 28 C.F.R. §36.309(b)(1)(i).

35. The modifications required under the ADA to examinations such as the MBE and MPRE include "changes in the length of time permitted for completion of the examination and adaptation of the manner in which the examination is given." 29 C.F.R. §36.309(b)(2)-(3). In addition, the entity offering the examination must "provide appropriate auxiliary aids" unless the entity "can demonstrate offering a particular auxiliary aid would fundamentally alter the measurement of the skills or knowledge the examination is intended to test or would result in an undue burden." 29 C.F.R. §36.309(b)(3).

36. Plaintiff requires the accommodations she has requested on the California Bar Exam and the MPRE as an alternative accessible arrangement. Without these accommodations, the results will not accurately reflect what the examinations purport to measure, but will instead reflect Plaintiff's impaired sensory skills.

37. Defendants' conduct constitutes an ongoing and continuous violation of Title III of the ADA and its supporting regulations. Unless restrained from doing so, Defendants will continue to violate the ADA. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

38. Unless the requested relief is granted, Plaintiff will suffer irreparable harm in that she will continue to be discriminated against and denied access to the California Bar Exam and MPRE, and to the legal profession, causing delay to her legal career with difficult to measure consequences.

39. The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities. See 42 U.S.C. §12188(a)(1).

*Enyart v. National Conference of Bar Examiners, Inc., et al.*
Complaint for Discrimination In Violation of the ADA, Cal. Civ. Code § 51, *et seq.*, and Cal. Civ. Code § 51, *et seq.*

9

40. Plaintiff is entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## CALIFORNIA CIVIL CODE § 51

41. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the complaint.

42. California's Unruh Act provides that all persons within California, "no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

43. A violation of the right of any individual under the ADA also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). Defendants have violated the Unruh Act through their violation of the ADA. See *supra* ¶¶ 31 through 40.

44. Defendants NCBE, ACT and the State Bar are business establishments as that term is used in Cal. Civ. Code section 51(b), and the administration of both the California Bar Exam and the MPRE is an accommodation, advantage, facility, privilege and service of Defendants.

45. Defendants' conduct alleged herein violates the Unruh Act, including Cal. Civ. Code § 51(b), by denying Plaintiff the full and equal accommodations, advantages, facilities, privileges or services of the California Bar Exam and the MPRE.

46. Defendants violated the Unruh Act intentionally and/or with deliberate indifference to the likelihood that they were violating the rights of blind people and/or Defendants' violations were so intuitive or obvious that noncompliance could not be other than intentional.

47. As a result of Defendants' violation of the Unruh Act, Plaintiff is entitled to injunctive relief and to attorneys' fees and costs. Cal. Civ. Code § 52(a).

//
//

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF

48. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the complaint. Plaintiff contends that Plaintiff is entitled to reasonable accommodations on the MBE and MPRE that include the ability to use a laptop computer equipped with screen reading and screen magnification software, in order to demonstrate what the examination purports to measure, and to obtain full and equal access to the MBE and MPRE. Plaintiff further contends that Defendants are administering the MBE and MPRE in a manner that discriminates against Plaintiff as a person with disabilities by denying these accommodations.

49. Defendants disagree with Plaintiff's contentions.

50. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff requests relief as set forth below.

## RELIEF REQUESTED

Plaintiff prays for judgment as follows:

1. A declaration that Plaintiff is entitled to reasonable accommodations on the MBE and MPRE that include the ability to use a laptop computer equipped with screen reading and screen magnification software and that Defendants are administering the MBE and MPRE in a manner that discriminates against Plaintiff as a person with disabilities by denying these accommodations;

2. An order enjoining Defendants from violating federal and state disability discrimination laws in their administration of the MBE and MPRE by failing to provide her the accommodations that she has requested and to which she is entitled;

3. An award of Plaintiffs' reasonable attorneys' fees and costs; and

4. Such other and further relief as the Court deems just and proper.

DATED:      November 3, 2009

By: _____
Laurence W. Paradis
Anna Levine
Karla Gilbride
DISABILITY RIGHTS ADVOCATES

\\server\Cases\Enyart.NCBE\Pleadings\Enyart_Complaint_final.doc

*Enyart v. National Conference of Bar Examiners, Inc., et al.*
Complaint for Discrimination In Violation of the ADA, Cal. Civ. Code § 51, *et seq.*, and Cal. Civ. Code § 51, *et seq.*

12