LAURENCE W. PARADIS (CA Bar No. 122336)
lparadis@dralegal.org
ANNA LEVINE (CA Bar No. 227881)
alevine@dralegal.org
KARLA GILBRIDE (CA Bar No. 264118)
kgilbride@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716

SCOTT C. LABARRE (pro hac vice)
LABARRE LAW OFFICES, P.C.
1660 S. Albion Street, Ste 918
Denver, Colo 80222
Telephone: (303) 504-5979
Fax: (303) 757-3640
slabarre@labarrelaw.com

DANIEL F. GOLDSTEIN (pro hac vice)
dfg@browngold.com
MEHGAN SIDHU (pro hac vice)
ms@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone: (410) 962-1030
Fax: (410) 385-0869

Attorneys for Plaintiff

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

STEPHANIE ENYART

Plaintiff,

v.

NATIONAL CONFERENCE OF BAR EXAMINERS, INC.,

Defendant.

Case NO. C09-05191-CRB

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Judge: Hon. Charles R. Breyer**

**Date: January 29, 2010**
**Time: 10:00 a. m.**
**Courtroom: 8**

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page2 of 20

# TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT ........ 1

II. STATEMENT OF FACTS ........ 2

A. Plaintiff's Disability And Use Of Assistive Technology ........ 2

B. Nature Of The Subject Tests ........ 4

C. History of Requests and Denials ........ 5

D. NCBE's Purported Reasons For Denying Accommodations ........ 6

III. ARGUMENT ........ 8

A. Plaintiff Meets the Standards for a Preliminary Injunction. ........ 8

1. Plaintiff Has a Reasonable Likelihood of Success on the Merits. ........ 9

2. Ms. Enyart will Suffer Irreparable Harm if the Injunction is Not Granted. ........ 11

3. The Equities Weigh Heavily in Favor of Granting the Requested Relief. 12

4. Granting the Preliminary Injunction Will Advance the Public Interest.... 12

B. Plaintiff Should Not Be Required to Post a Bond. ........ 13

IV. CONCLUSION ........ 13

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Enyart v. National Conference of Bar Examiners, et al.*, **Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

i

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page3 of 20

**TABLE OF AUTHORITIES**

**Cases**

*Agranoff v. Law School Admission Council, Inc.*, 97 F.Supp. 2d (Mass. 1999) ........ 12, 13

*Breimhorst v. Educ. Testing Serv.*, 2000 WL 34510621 (N.D. Cal. Mar. 27, 2000) ........ 2, 9

*Burlington Northern R.R. Co. v. Wash., Dep't of Revenue* 934 F.2d 1064 (9th Cir. 1991) ........ 11

D'Amico v. New York State Board of Law Examiners, 813 F. Supp. 217 (W.D.N.Y. 1993) ........ 11, 12

*Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146 (3d Cir. 1999) ........ 2, 9

*Jones v. City of Monroe, MI*, 341 F.3d 474 (6th Cir. 2003) ........ 13

*People ex rel Van de Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319 (9th Cir.1985), *modified on other grounds*, 775 F.2d 998 (9th Cir. 1985) ........ 13

*Rush v. Nat'l Bd. of Med. Exam'rs*, 268 F. Supp.2d 673 (N.D. Tex. 2003) ........ 12

*Sierra Forest Legacy v. Rey*, 577 F.3d 1015 (9th Cir. 2009) ........ 8

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814 (9th Cir. 2001) ........ 11

*Smallwood v. National Can Co.*, 583 F.2d 419 (9th Cir. 1978) ........ 11

*Tennessee v. Lane*, 541 U.S. 509 (2004) ........ 12

**Statutes**

42 United States Code § 12188(a) ........ 11

42 United States Code §12101(a)(5) ........ 13

42 United States Code §121888(a)(1) ........ 8

California Civil Code §51(f) ........ 11

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

***Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

ii

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page4 of 20

**Regulations**

28 Code of Federal Regulations § 36.309 .......... 2, 9

28 Code of Federal Regulations § 36.309(b)(1)(i) .......... 2, 9

28 Code of Federal Regulations § 36.309(b)(3). .......... 2, 9

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Enyart v. National Conference of Bar Examiners, et al.,* **Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

iii

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

TO THE NATIONAL CONFERENCE OF BAR EXAMINERS, ACT, AND THEIR ATTORNEYS OF RECORD:

Please take notice that on January 29, 2009 at 10:00 A.M., or as soon thereafter as counsel may be heard, before Judge Charles R. Breyer, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Courtroom 8, Plaintiff Stephanie Enyart ("Plaintiff") will move the Court under Federal Rule of Civil Procedure 65 and Civil Local Rules 65-2 and 7-2 for a mandatory preliminary injunction requiring Defendant National Conference of Bar Examiners ("NCBE") to provide reasonable accommodations to Plaintiff Stephanie Enyart on the February 2010 administration of the California Bar Exam, including the Multistate Bar Examination ("MBE"); on the March 2010 administration of the Multistate Professional Responsibility Exam ("MPRE"); and on any other administration to Ms. Enyart of the California Bar Exam, MBE and MPRE. This motion is brought on the grounds that Defendant, by denying Plaintiff reasonable accommodations on these examinations, is in violation of the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12181, *et seq.*), and of the Unruh Civil Rights Act (California Civil Code §§ 51, *et seq.*), and on the basis that these violations have and are causing Plaintiff irreparable injuries. This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities and declarations and exhibits filed herewith, and on such further written and oral argument as may be presented at or before the time the Court takes this motion under submission.

The relief that Plaintiff seeks from the Court is a preliminary injunction requiring NCBE to provide, and to instruct ACT, Inc. and the State Bar of California to provide, reasonable accommodations to Ms. Enyart with respect to the administration of all portions of the California Bar Exam, MBE, and MPRE. At issue is Plaintiff's request for the accommodation on the MBE and MPRE of taking these examinations on a computer using two software programs: JAWS screen reading software and ZoomText screen magnification software. Plaintiff requests that the

Court enjoin NCBE to provide, and to instruct ACT, Inc. and the State Bar of California to provide, the requested accommodation at issue on the February 2010 administration of the MBE as part of the California State Bar Exam; on the March 2010 administration of the MPRE; and any other administration to Ms. Enyart of the MBE and MPRE. Plaintiff requests that the injunction specify that the accommodation at issue be provided in addition to the other accommodations previously granted plaintiff by ACT and the State Bar of California for these examinations. Plaintiff further requests that the Court waive the requirement for the posting of a bond as security for the entry of preliminary relief.

Dated: December 24, 2009 DISABILITY RIGHTS ADVOCATES

By: /s/ Laurence Paradis

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page7 of 20

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Stephanie Enyart, a blind law school graduate, seeks an accommodation on two licensing tests, the Multistate Bar Examination ("MBE") – a part of the California Bar Exam - and the Multistate Professional Responsibility Examination ("MPRE"), both controlled by Defendant National Conference of Bar Examiners ("NCBE"), that she must pass to be admitted to the California bar. These multiple choice tests are normally offered in a print format. So that she can read and process the information in the test with the same facility that non-disabled individuals read and process written information, Ms. Enyart seeks to take them in an electronic format, using two software applications known as JAWS and ZoomText. These software programs would read the tests aloud while simultaneously presenting them on the screen in magnified form, thus affording her both auditory and visual access to the material. These programs do not alter in any way the nature of the tests nor do they provide Ms. Enyart with any unfair advantage over other test takers.

NCBE has not agreed to these requests even though Ms. Enyart timely requested them and provided comprehensive supporting documentation, including a report from her treating physician (an ophthalmologist with the UCLA Eye Clinic), documenting her need for these accommodations. After pre-litigation settlement efforts proved unavailing, Ms. Enyart filed this action seeking injunctive relief to obtain the accommodations that she needs when the tests are offered in February and March, 2010.

As set out below, the evidence is clear and compelling that NCBE must provide these accommodations. Ms. Enyart has well documented that these accommodations would best ensure that it is not the limitations of her disability that are being tested and neither NCBE's designee nor its expert have contested that assertion. Rather, the NCBE rejected the requested accommodations in the mistaken belief that it was required to grant these accommodations only if Ms. Enyart demonstrated that she had no other means to access the examinations. What is more, NCBE rejected the requests and proposed alternative accommodations without any expert

*Enyart v. National Conference of Bar Examiners, et al.*, **Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
1

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page8 of 20

information contradicting that submitted by Ms. Enyart or supporting the efficacy of its suggested alternatives.

NCBE's obligations under the Americans with Disabilities Act ("ADA") as a private testing entity are governed entirely by 42 U.S.C., § 12189 and the regulations promulgated thereunder.[1] Those obligations include administering examinations in a manner that "best ensures" that the results reflect the test-taker's ability and not her disability, including the provision of requested accommodations when they are appropriate and neither fundamentally alter what the examinations are intended to test nor would result in a undue burden.[2]

While NCBE has expressed concern about test security arising from a computerized version of the examination, NCBE has previously permitted the use of each of these software applications on prior occasions without security problems.

Because NCBE is legally obligated to provide the requested accommodations and because Ms. Enyart meets the prerequisites for a preliminary injunction, all as set out below, NCBE should be enjoined to provide the requested accommodations to Ms. Enyart.

## II. STATEMENT OF FACTS

### A. Plaintiff's Disability And Use Of Assistive Technology

Stephanie Enyart is a 32-year-old woman who became legally blind at the age of 15.[3] She has macular degeneration and retinal dystrophy,[4] most likely Stargardt's Disease,[5] which have, among other things, greatly decreased her central vision acuity and fine focusing capabilities.[6] Prior to the onset of her disease, she was primarily a visual learner.[7] Ms. Enyart's

---

1 See 28 C.F.R. § 36.309; see also *Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 149 (3d Cir. 1999) (Section 12189 is the only ADA provision that applies to the tests of private testing agencies); *Breimhorst v. Educ. Testing Serv.*, 2000 WL 34510621 at *4-7 (N.D. Cal. Mar. 27, 2000) (same).

2 28 C.F.R. § 36.309(b)(1)(i), (3).

3 Declaration of Stephanie Enyart in Support of Plaintiff's Motion for Preliminary Injunction ("Enyart Decl.") ¶ 6.

4 Declaration of Anna Levine in Support of Plaintiff's Motion for Preliminary Injunction ("Levine Decl"), Ex. 26.

5 Enyart Decl. ¶ 6; Levine Decl., Ex. 12.

6 Levine Decl., Ex. 26 at N0033.

7 Levine Decl., Ex. 13 at D0166-D0167.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Enyart v. National Conference of Bar Examiners, et al.*, **Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
2

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page9 of 20

vision loss has been gradual, and in its early stages, when she was in high school, she had enough residual vision to complete assignments and tests using large print or a closed circuit television ("CCTV") that magnifies the text of documents placed on a tray.[8] Because of her continuing vision loss, however, Ms. Enyart is no longer able to use large print or a CCTV for extended reading. Because Ms. Enyart's disability affects her central vision, she also has difficulty following a line of text with her vision, causing eye fatigue.[9] As a result, Ms. Enyart does not use a CCTV for more than five minutes at a time.[10]

While Ms. Enyart was a college student at Stanford University, during six years she spent after college working for San Francisco State University, and finally as a law student at UCLA, she came to rely upon a system for reading that uses a computer equipped with JAWS and ZoomText software programs.[11] JAWS reads text aloud while ZoomText magnifies it.[12] The programs can work together, enabling the user to navigate within the text using keystrokes, and provide a blinking cursor on the screen that allows the user to orient her vision to the part of the text that is being read aloud.[13] The synchronization of the audible and enlarged visual text with the aid of the blinking cursor enables Ms. Enyart to stay oriented throughout the reading process, and lessens her eye fatigue, thus making it possible for her to read lengthy texts.[14]

The combined use of JAWS and ZoomText is common among low vision readers with progressive vision loss, because it replicates, as much as possible, the way a sighted person would read text, and, thus, the way people like Ms. Enyart learned to read text before they began to lose their vision.[15] For people with Stargardt's, the combined use of these two software

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

8 Levine Decl. Ex.55 (Enyart Dep. 51:22-52:9); Levine Decl., Ex.56 (Rainey Dep. 40:25 – 41:20); Declaration of Silvana Rainey in Support of Plaintiff's Motion for Preliminary Injunction, ("Rainey Decl.") ¶ 20.
9 Rainey Decl. ¶16; Levine Decl., Ex.55 (Enyart Dep. 79:25-80:24); Enyart Decl. ¶ 15.
10 Rainey Decl. ¶20; Levine Decl., Ex.56 (Rainey Dep. 40:25-41:13); Enyart Decl. ¶7.
11 Levine Decl., Ex. 16; Levine Decl., Ex. 11; Enyart Decl. ¶¶11, 13.
12 Rainey Decl. ¶13.
13 Enyart Decl. ¶10; Rainey Decl. ¶13.
14 Enyart Decl. ¶10; Rainey Decl. ¶¶14-15; Levine Decl., Ex. 56 (Rainey Dep. 69:5-72:4).
15 Rainey Decl. ¶13; Levine Decl., Ex. 56 (Rainey Dep. 113:14-114:5).

***Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
3

programs is the most common reading method.[16] And, as her treating ophthalmologist has said, the use of these two programs "is the only way she can fully comprehend the material she reads."[17]

Plaintiff has submitted in support of this motion a video demonstration prepared for the purposes of this litigation.[18] In this video, Ms. Enyart demonstrates the way she uses JAWS and ZoomText to read materials such as sample questions for the tests at issue.[19] She also demonstrates and explains the difficulty she would have using a CCTV to read the test materials, and why the JAWS program on its own would not be effective.[20]

**B. Nature Of The Subject Tests**

The Multistate Professional Responsibility Examination ("MPRE") is intended to test the standards applicable to the professional conduct of lawyers as set out "in the American Bar Association . . . Model Rules of Professional Conduct, . . . controlling constitutional decisions and generally accepted principles established in leading federal and state cases and in procedural and evidentiary rules."[21] Offered three times each year, the MPRE is composed of sixty multiple-choice questions.[22] To become a licensed California attorney, Ms. Enyart must have a scaled score of 86.[23] The MPRE is "assembled and administered" by ACT, Inc. "on behalf of the National Conference of Bar Examiners."[24]

All those taking California's General Bar Exam must take the Multistate Bar Examination ("MBE"), a 200-item multiple-choice test that NCBE develops and disseminates.[25]

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

16 Levine Decl., Ex. 15.
17 Levine Decl., Ex. 26 at N0035.
18 Declaration of Michael Hofmayer in Support of Plaintiff's Motion for Preliminary Injunction ("Hofmayer Decl."), Ex. B.
19 Hofmayer Decl. ¶¶2, 4.
20 *See* Hofmayer Decl. ¶4; Hofmayer Decl., Ex. B. *See also* Enyart Decl. ¶9 (verifying that the demonstration in this video is an accurate depiction of the matters covered therein).
21 Declaration of Anna Levine in Support of Plaintiff's Request for Judicial Notice ("Levine RJN Decl."), Ex.1.
22 *Id.*
23 Levine RJN Decl., Ex 4.
24 Levine RJN Decl., Ex 2.
25 Levine RJN Decl., Ex 5.

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page11 of 20

Offered in February and July,[26] it tests applicants' knowledge of legal rules and principles in the areas of contracts, torts, criminal law and procedure, evidence, real property, and constitutional law.[27]

C. **History of Requests and Denials**

Ms. Enyart applied to take the March, August and November 2009 administrations of the MPRE.[28] Ms. Enyart also applied to take the July 2009 administration of the California Bar Examination, of which the MBE is a component.[29] With each application, Ms. Enyart submitted a timely request for accommodations, including a request to take the test on a computer equipped with JAWS and ZoomText.[30] As part of her requests, Ms. Enyart supplied supporting documentation from her vocational rehabilitation counselor, treating ophthalmologist, law school dean and an assistive technology specialist, each of whom documented her need to use JAWS and ZoomText to access test information.[31]

The State Bar of California approved Ms. Enyart's request for accommodations on the sections of the California Bar not controlled by NCBE and is willing to permit her to take the MBE with her requested accommodation as well, if NCBE will permit it or if ordered by this Court.[32] Similarly, ACT will allow Ms. Enyart to take the MPRE with her requested accommodations if NCBE allows or the Court orders.[33] However, the NCBE has not agreed that Ms. Enyart may use JAWS and ZoomText for either the MBE or the MPRE. Unable to take the California Bar or the MPRE under conditions appropriate to her disability, Ms. Enyart has

---

[26] Levine RJN Decl., Ex. 6.
[27] Levine RJN Decl., Ex. 3.
[28] Enyart Decl. ¶¶18, 20, 21.
[29] Levine RJN Decl., Ex. 6.
[30] Levine Decl., Exs. 1, 3, 14, 18, 22, 23, 25-30, 35, 38, 39-40, 42, 46, 47-53.
[31] Levine Decl., Exs. 15, 16, 26. Levine Decl., Ex. 19.
[32] Levine Decl., Exs. 5, 6; See, Stipulation re Dismissal of State Bar, Document No. 25, *Enyart v. NCBE*, Case No. C09-05191 (12/09/09).
[33] Stipulation Dismissing ACT, Inc, Document No. 16, *Enyart v. NCBE*, Case NO. C09-05191 (12/09/09).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

***Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
5

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page12 of 20

postponed taking her licensure examinations until NCBE provides the accommodations she needs.[34]

**D. NCBE's Purported Reasons For Denying Accommodations**

NCBE contracts with ACT, Inc. to administer the MPRE. Initially, ACT denied Ms. Enyart's request to take the exam using JAWS and ZoomText because NCBE had not authorized ACT to approve computer-based testing accommodations.[35]

Because it was concerned about the possibility of litigation, ACT sent Ms. Enyart's November 2009 accommodation requests to NCBE to handle directly.[36] NCBE denied those requests and instead offered the combination of a CCTV to magnify the print exam and a human reader to read the text aloud.[37] NCBE also offered a large-print exam (72-point font) to be used in conjunction with an audio CD with the test questions pre-recorded.[38] However, NCBE had and still has no reason to believe that its proposed alternatives would be appropriate for Ms. Enyart. Neither of the two experts NCBE consulted had any familiarity with the combination of these accommodations nor had they individually assessed Ms. Enyart.[39] Dr. Stamler had no expertise in the accommodations Ms. Enyart had requested.[40] Dr. Damari, an optometrist engaged by NCBE for the purposes of this litigation and who is familiar with the assistive technology used by visually impaired persons for education and examinations, conceded that he is unaware of any blind persons who use any of NCBE's proposed combinations for test-taking

34 Enyart Decl. ¶ 28; Levine Decl., Exs. 2, 4, 7, 17, 20, 21, 31, 32, 33, 41, 47, 49, 50, 51, 52, 53.
35 Levine Decl., Exs. 17, 57 (Deposition of Erica Moeser ["Moeser Dep"] 46:22-47:2; 65:16-66:8).
36 Levine Decl., Ex. 57, (Moeser Dep. 45:20-46:4).
37 Levine Decl., Exs. 17, 20, 31.
38 Levine Decl., Exs. 47, 51, 52.
39 Levine Decl., Exs. 34, 58 (Damari Dep. 58:7-10).
40 Levine Decl., Ex. 34.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Enyart v. National Conference of Bar Examiners, et al.*, **Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
6

or, for that matter for any other purpose. As far as he knows, the efficacy of these combinations is completely untested by experts in the field.[41]

Further, both of Defendant's proposals for the MPRE called for Ms. Enyart to use a form of visual input that she simply cannot effectively use for lengthy reading. Eye fatigue and difficulty in tracking prevent Ms. Enyart from reading a large-print document as long as the MBE or MPRE.[42] Prolonged use of a CCTV not only poses the same tracking difficulty, but would likely make her nauseous.[43] Moreover, the options offered by NCBE would not provide the opportunity for synchronization between audible and visual inputs that Ms. Enyart needs for effective reading.[44]

In denying Plaintiff's requested accommodations for the MBE, Defendant offered Ms. Enyart the option of taking the MBE with JAWS alone as part of a pilot program the NCBE was conducting with blind test takers in California and North Carolina. Yet Defendant's own expert, Dr. Damari, admits that Ms. Enyart needs both audible and visual input to effectively access the contents of these tests.[45] Thus, according to defendant's own expert the option of JAWS alone is ineffective for Ms. Enyart.

NCBE's President, Erica Moeser, asserts that NCBE would offer Ms. Enyart the accommodation of taking the test with JAWS and ZoomText if Ms. Enyart could prove that it was the *only* way she could access the test.[46]

Apparently, NCBE's primary concern about providing its tests to disabled applicants in a computerized format is a perceived potential of additional security risks.[47] Because NCBE

---

41 Levine Decl., Ex. 58 (Damari Dep. 48:11-24, 47:11-47:25, 52:2-52:22).

42 Enyart Decl. ¶ 22; Levine Decl., Exs. 17, 31, 47, 51.

43 Enyart Decl. ¶7; Rainey Decl. ¶20; Levine Decl., Exs. 55 (Enyart Dep. 80:25-81:23), 56 (Rainey Dep.71:9-72:2).

44 Rainey Decl. ¶¶21-22; Enyart Decl. ¶¶19, 22; Levine Decl., Exs. 55 (Enyart Dep. 83:2-83:23), 56 (Rainey Dep. 72:9-74:4, 76:21-77:24).

45 Levine Decl., Ex. 58 (Damari Dep. 9:5-15; 29:21-24; 81:16-19).

46 Levine Decl., Ex. 57 (Moeser Dep. 10:18-25).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page14 of 20

reuses some MPRE and MBE test questions from year to year, it fears that the test questions could be circulated if an applicant surreptitiously made a copy onto a portable drive or if the laptop on which the test resided was stolen.[48] When asked why security measures, such as making a computer test password protected, would not resolve such concerns, NCBE's corporate designee responded that she thought not, but did not know why.[49]

Despite its security concerns, NCBE has, in the past, offered the MBE and MPRE in computerized formats so that some disabled applicants could take the tests using JAWS or ZoomText. In 2005, NCBE approved the request of a test applicant, Carrie Ann Lucas, to take both the MPRE and the MBE using ZoomText.[50] Recently, NCBE launched a pilot program that permitted select blind test applicants in California and North Carolina to take the MBE on a computer supplied by NCBE equipped with JAWS.[51] NCBE did not offer ZoomText as part of the pilot, though it does not know of any additional security concerns posed by ZoomText.[52] NCBE reported no breaches of security had occurred in either Carrie Lucas's use of the computerized test or in the pilot program.[53]

## III. ARGUMENT

### A. Plaintiff Meets the Standards for a Preliminary Injunction.

The ADA authorizes injunctive relief to remedy acts of discrimination against persons with disabilities.[54] To obtain a preliminary injunction, plaintiff must demonstrate that she is likely to succeed on the merits and suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in her favor and a preliminary injunction is in the public interest.[55]

---

47 Levine Decl., Ex.57 (Moeser Dep. 25:16 – 26:20).
48 Levine Decl., Ex. 57 (Moeser Dep. 26:24 – 28:16).
49 Levine Decl., Ex. 57 (Moeser Dep. 106:12 – 108:8).
50 Levine Decl., Exs. 8, 57 (Moeser Dep. 32:13-33:2).
51 Levine Decl., Ex. 57 (Moeser Dep.16:25-17:19; 33:23-34:5).
52 Levine Decl., Ex. 57 (Moeser Dep. 36:9 – 37:5; 39:1-3).
53 Levine Decl., Ex. 57(Moeser Dep. 24:22-24; 34:6 – 34:9).
54 See 42 U.S.C. §121888(a)(1).
55 *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

***Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

8

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page15 of 20

As established below, Plaintiff has made the requisite showing for issuance of the requested preliminary injunction.

**1. Plaintiff Has a Reasonable Likelihood of Success on the Merits.**

Because the evidence is both substantial and uncontested that the accommodations of using JAWS and ZoomText to take the MBE and MPRE will best ensure that the results of these tests measure Ms. Enyart's knowledge of matters necessary to admission to the bar, Plaintiff is likely to prevail on the merits.

The specific obligations of a private entity administering a licensing examination are set out in 42 U.S.C. §12189 and the accompanying regulation.[56] NCBE's obligation is to offer and administer its tests

> [S]o as *to best ensure* that, when the examination is administered to an individual with a disability that impairs . . . sensory skills, *the examination results accurately reflect . . . [what] the examination purports to measure*, rather than reflecting the individual's impaired sensory . . . skills (except where those skills are the factors that the examination purports to measure).[57]

In that connection, the entity must provide appropriate auxiliary aids

> [U]nless that private entity can demonstrate that offering a particular auxiliary aid would fundamentally alter the measurement of the skills or knowledge the examination is intended to test or would result in an undue burden.[58]

The requested accommodations meet these standards. These accommodations have afforded her great success in college and law school examinations.[59] One's usual method of reading has the great advantage of being automated, enabling the reader to focus on the content, rather than having to think about the process of reading.[60] Silvana Rainey, an assistive technology consultant hired by the California Department of Rehabilitation, has evaluated Ms. Enyart's use of various technologies, explained how JAWS and ZoomText can work together as

---

[56] See 28 C.F.R. § 36.309; see also *Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 149 (3d Cir. 1999) (Section 12189 is the only ADA provision that applies to the tests of private testing agencies); *Breimhorst v. Educ. Testing Serv.*, 2000 WL 34510621 at *4-7 (N.D. Cal. Mar. 27, 2000) (same).

[57] 28 C.F.R. § 36.309(b)(1)(i) (emphasis added).

[58] 28 C.F.R. § 36.309(b)(3).

[59] Levine Decl., Exs. 11, 16.

[60] Rainey Decl. ¶ 10.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
(510) 665-8644

*Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C09-05191-CRB
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
9

an optimal reading process for Ms. Enyart, her mastery of this reading technique and concluded that it is "clearly necessary for Ms. Enyart to effectively function on a lengthy timed written exam" [61] and that it is "the most effective form of assistive technology that is suited to her condition." [62] Further, her treating ophthalmologist, Dr. Sarraf, opined that these accommodations are "the only way she can fully comprehend the materials she reads."[63]

In reviewing and denying Ms. Enyart's requested accommodations for the MPRE, defendant NCBE consulted with a physician, Dr. Stamler, who acknowledged having no expertise on the "central contention" but then speculated that a human reader with additional time would be a reasonable accommodation.[64] Dr. Damari, NCBE's current expert, negated that supposition by declaring unequivocally that Ms. Enyart requires both visual and audible input to process the examination successfully.[65]

The record does not reveal that defendant NCBE consulted with any experts before denying her accommodation requests. Indeed even after the commencement of this litigation, neither NCBE's corporate designee nor its expert dispute that the combination of JAWS and ZoomText would best ensure that the results of the MBE and MPRE would reflect Ms. Enyart's abilities and not her disability.[66] Rather, both declined to identify what accommodations would meet the regulatory standard.[67] NCBE and its expert, however, did acknowledge that both JAWS and ZoomText can be "appropriate auxiliary aids" for the MBE and MPRE.[68]

NCBE's insistence that it would grant Ms. Enyart's accommodation request only if the requested accommodation were the only way Ms. Enyart could take the exam cannot be reconciled with the "best ensure" standard. Moreover, it would allow NCBE to offer inferior accommodations, ones which would place a disabled test-taker at a disadvantage, but which would be permissible so long as it were possible that she could struggle through the content at

[61] Rainey Decl. ¶15.
[62] *Id.* ¶ 18.
[63] Levine Decl., Ex. 26.
[64] Levine Decl., Ex. 34.
[65] Levine Decl., Ex. 58 (Damari Dep. 9:5-15; 29:21-24; 81:16-19).
[66] Levine Decl., Ex. 57 (Moeser Dep. 54:18 - 55:18; Damari Dep. 10:12-11:4).
[67] *Id.*

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page17 of 20

all. For example, denying a test taker eyeglasses if he could still, albeit blurrily, read the exam would be acceptable under NCBE's formulation, even though it would create barriers to successful achievement.

In other cases in which disabled persons have sought testing accommodations, expert evaluations of the person with a disability and prior history of accommodations have weighed heavily.[69] In *D'Amico v. New York State Board of Law Examiners,*[70] the Court, in the context of a preliminary injunction hearing, took the view that testing accommodations are principally a medical issue as to which the opinion of plaintiff's treating physician must be given great weight and that the absence of a medical expert reviewing on behalf of the testing agency left it in "no position to countermand . . . as to what is the appropriate accommodation."[71] This case is similarly one-sided.

Because the Unruh Act incorporates the requirements of the ADA,[72] Plaintiff has also established that she is entitled to the requested accommodations under California law.

**2. Ms. Enyart will Suffer Irreparable Harm if the Injunction is Not Granted.**

Irreparable harm may be presumed when the offending party engages in acts or practices prohibited by federal statute that provides for injunctive relief.[73] The ADA explicitly provides for injunctive relief.[74]

---

[68] Levine Decl., Exs. 57 (Moeser Dep. 57:11-22), 58 (Damari Dep. 11:15-17).
[69] *See e.g., Agranoff v. Law Sch. Admission Council, Inc,* 97 F. Supp.2d 86, 87 (D. Mass. 1999).
[70] 813 F. Supp. 217 (W.D.N.Y. 1993).
[71] *Id.* at 222.
[72] See Cal. Civ.Code §51(f).
[73] *See, e.g., Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 827 (9th Cir. 2001) (violation of Fair Housing Act); *Smallwood v. National Can Co.*, 583 F.2d 419, 420 (9th Cir. 1978) ("[T]his is an injunction issued in response to a statutory provision, and irreparable harm is presumed from the fact of the violation of the Act."); *Burlington Northern R.R. Co. v. Wash., Dep't of Revenue* 934 F.2d 1064, 1074 (9th Cir. 1991) ("When the evidence shows that the defendants are engaged in, or about to be engaged in, the act or practices prohibited by a statute which provides for injunctive relief to prevent such violations, irreparable harm to the plaintiffs need not be shown") (internal citations omitted).
[74] 42 U.S.C. § 12188(a) (ADA incorporates the remedies and procedures set forth in the Civil Rights Act of 1964).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C09-05191-CRB
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
11

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page18 of 20

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Furthermore, Ms. Enyart can demonstrate that she has and will continue to suffer irreparable harm. As was the case with the plaintiff in *D'Amico*, in the absence of a preliminary injunction, she would "lose the time she had invested in preparation, [would] suffer a serious setback in her efforts to practice her chosen profession, [would] face the prospect of taking and preparing for the exam a third time, and [would] suffer the professional stigma of failure because of her medical disability."[75]

**3. The Equities Weigh Heavily in Favor of Granting the Requested Relief.**

The harm an injunction would cause NCBE is negligible. NCBE has suggested that it has security concerns about an electronic version of the test,[76] even though it has made such versions available in the past to blind test takers who have used, variously, JAWS or ZoomText without creating a security problem[77] and even though NCBE's designee said that it would allow Ms. Enyart to take the test with those accommodations if she satisfied its erroneous standard.[78] The seriousness of this concern, moreover, is gainsaid by the inability of NCBE's corporate designee to explain to why password protection of the files would not resolve these concerns.[79]

**4. Granting the Preliminary Injunction Will Advance the Public Interest.**

Congress has made clear in enacting the ADA that the public interest lies in the eradication of discrimination against persons with disabilities, declaring that the ADA's purpose is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."[80] In the context of preliminary injunctions, courts have found that "[t]he public interest is clearly served by eliminating the discrimination Congress

---

[75] 813 F. Supp. at 220; see also, *Agranoff v. Law School Admission Council, Inc.*, 97 F.Supp. 2d at 88 (Mass. 1999); *Rush v. Nat'l Bd. of Med. Exam'rs*, 268 F. Supp.2d 673, 678 (N.D. Tex. 2003).
[76] Levine Decl., Exs. 36, 37, 58 (Moeser Dep. 25:16-25:20).
[77] Levine Decl., Exs. 10, 57 (Moeser Dep. 34:6-9; 24:22-24; 32:13-33:2; 34:6 – 34:9).
[78] Levine Decl., Ex.57 (Moeser Dep. 10:18-25).
[79] Levine Decl., Ex. 57 (Moeser Dep. 106:12-109:5).
[80] *Tennessee v. Lane*, 541 U.S. 509, 516 (2004) (citations omitted).

***Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

12

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page19 of 20

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

sought to prevent in passing the ADA."[81] Furthermore, the ADA is intended to address the various forms of discrimination encountered by individuals with disabilities including "the failure to make modifications to existing facilities and practices" and "exclusionary qualification standards and criteria."[82]

Accordingly, granting the injunctive relief requested by Ms. Enyart is consistent with the anti-discrimination mandate of the ADA and therefore serves the public interest.

**B. <u>Plaintiff Should Not Be Required to Post a Bond.</u>**

This Court has the discretion to issue a preliminary injunction without requiring Plaintiff to post bond.[83] Plaintiff respectfully submits that no bond should be required in this case, given her individual situation and the minimal expense (if any) that would be incurred by the Defendant pending the outcome of this case.

## IV. CONCLUSION

For the foregoing reasons, Ms. Enyart respectfully requests that the Court grant her Motion for Preliminary Injunction, which compels NCBE to provide Ms. Enyart's requested accommodations, including the use of JAWS and ZoomText, during the February 2010 MBE and March 2010 MPRE.

//

//

//

---

[81] *Jones v. City of Monroe, MI*, 341 F.3d 474, 490 (6th Cir. 2003); see also, *Agranoff v. Law School Admission Council, Inc.* 97 F.Supp.2d 86, 88 (Mass. 1999) ("[T]he court has an obvious public interest in providing those with disabilities equal footing").
[82] 42 U.S.C. §12101(a)(5).
[83] *People ex rel Van de Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1325-26 (9th Cir.1985), *modified on other grounds*, 775 F.2d 998 (9th Cir. 1985).

***Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

13

Case3:09-cv-05191-CRB Document32 Filed12/24/09 Page20 of 20

Respectfully Submitted,

Dated: December 24, 2009

DISABILITY RIGHTS ADVOCATES

By: /s/ Laurence Paradis

LABARRE LAW OFFICES, P.C.

By: /s/ Scott Labarre

BROWN, GOLDSTEIN & LEVY, LLP

By: /s/ Daniel F. Goldstein

Attorneys for Plaintiffs

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

***Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C09-05191-CRB**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

14