1  LAURENCE W. PARADIS (California Bar No. 122336)
   ANNA LEVINE (California Bar No. 227881)
2  KARLA GILBRIDE (California Bar No. 264118)
   DISABILITY RIGHTS ADVOCATES
3  2001 Center Street, Third Floor
   Berkeley, California 94704
4  Telephone:   (510) 665-8644
   Facsimile:    (510) 665-8511
5  TTY:            (510) 665-8716

6  SCOTT LABARRE (*pro hac vice*)
   LABARRE LAW OFFICES, P.C.
7  1660 S. Albion Street, Ste 918
   Denver, Colorado 80222
8  Telephone:   (303) 504-5979
   Fax:             (303) 757-3640
9
   DANIEL F. GOLDSTEIN (*pro hac vice*)
10 MEHGAN SIDHU (*pro hac vice*)
   BROWN, GOLDSTEIN & LEVY, LLP
11 120 E. Baltimore St., Suite 1700
   Baltimore, Maryland 21202
12 Telephone:   (410) 962-1030
   Fax:             (410) 385-0869
13
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE ENYART,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CONFERENCE OF BAR EXAMINERS, INC.,<br><br>Defendant. | Case No. C 09-05191 CRB<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Charles R. Breyer<br>Action Filed: November 3, 2009 |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Upon consideration of Plaintiff's Motion for Preliminary Injunction, Defendant's opposition thereto, the accompanying memoranda, and the evidence received in support and in opposition thereof, the Court hereby finds:

1. The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. regulates the accommodation practices of private entities that provide professional licensing examinations. The specific obligations of a private entity offering examinations related to licensing for professional purposes are set out in 42 U.S.C. §12189 and the accompanying regulation issued by the Department of Justice. See 28 C.F.R. § 36.309; *Doe v. NBME,* 199 F.3d 146, 149 (1999) (Section 12189 is the only ADA provision that applies to the tests of private testing agencies); *Breimhorst v. ETS,* 2000 WL 34510621 at *4-7 (N.D. Cal. 2000, 3/272000) (same). This regulation requires that professional licensing examinations be administered:

> So as *to best ensure* that, when the examination is administered to an individual with a disability that impairs . . . sensory skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory . . . skills (except where those skills are the factors that the examination purports to measure).

28 C.F.R. § 36.309(b)(1)(i). (emphasis added). In that connection, the entity that offers the licensing examination must provide appropriate auxiliary aids:

> unless that private entity can demonstrate that offering a particular auxiliary aid would fundamentally alter the measurement of the skills or knowledge the examination is intended to test or would result in an undue burden.

28 C.F.R. § 36.309(b)(3).

2. These same obligations are required under California's Unruh Civil Rights Act, California Civil Code §§ 51 et. seq, ("Unruh Act") which makes the violation of an individual's rights under the ADA a violation of the Unruh Act, as well. Civil Code § 51(f).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Enyart v. National Conference of Bar Examiners, Inc.,* Case No.: C 09-05191 CRB
**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

1

3. Defendant National Conference of Bar Examiners (NCBE) controls the two professional licensing examinations at issue in this case: the Multistate Bar Examination ("MBE") which is part of the California state bar exam, and the Multistate Professional Responsibility Examination ("MPRE").

4. Plaintiff Stephanie Enyart is a person with a disability under the ADA and the Unruh Act in that she has a substantial impairment in the ability to see due to macular degeneration and retinal dystrophy. Plaintiff seeks an accommodation on the MBE and MPRE of taking these examinations on a computer using two software programs: JAWS screen reading software and ZoomText screen magnification software. NCBE has not agreed to provide plaintiff these requested accommodations on both of these examinations.

5. Plaintiff has presented sufficient evidence that the requested accommodations on the MBE and MPRE are necessary in order to best ensure that the examination results accurately reflect plaintiff's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting plaintiff's impaired visual sensory skills.

6. Defendant NCBE has failed to present evidence establishing that the requested accommodations would fundamentally alter the measurement of the skills or knowledge that these examinations are intended to test or would result in an undue burden.

7. Plaintiff has also presented sufficient evidence that NCBE's denial of the the requested accommodations will cause plaintiff irreparable harm and that the equities weigh in favor of granting plaintiff the requested preliminary injunctive relief.

8. The Court thus finds that the requested accommodations are required under Title III of the ADA and the Unruh Act.

9. The MBE is administered by the California State Bar which has stipulated that it will provide the requested accommodations on this examination if this Court determines that such accommodations are required. The MPRE is administered by ACT which has similarly stipulated that it will provide the requested accommodations on this examination if this Court determines that such accommodations are required.

10.     Accordingly, Defendant NCBE is hereby enjoined to provide, and to instruct ACT, Inc. and the State Bar of California to provide, the requested accommodations at issue on the February 2010 administration of the MBE as part of the California State Bar Exam; on the March 2010 administration of the MPRE; and any other administration to Ms. Enyart of the MBE and MPRE.

12.     The accommodations ordered herein shall be provided in addition to the other accommodations previously granted plaintiff by ACT and the State Bar of California for these examinations.

13.     No bond or security is required.

IT IS SO ORDERED.

Dated  _____, 2010

_____
Charles Breyer
United States District Court Judge

\\server\cases\Enyart.NCBE\Pleadings\Preliminary_Injunction\PO_PI_Motion_FINAL.doc

*Enyart v. National Conference of Bar Examiners, Inc.,* **Case No.: C 09-05191 CRB**
**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644