1  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553) (tenhoffgc@cooley.com)
2  WENDY J. BRENNER (198608) (brennerwj@cooley.com)
   LAURA A. TERLOUW (260708) (lterlouw@cooley.com)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA  94306-2155
   Telephone:    (650) 843-5000
5  Facsimile:    (650) 857-0663

6  FULBRIGHT & JAWORSKI L.L.P.
   ROBERT A. BURGOYNE (rburgoyne@fulbright.com)
7  801 Pennsylvania Avenue, N.W.
   Suite 500
8  Washington, D.C. 20004
   Telephone:  (202) 662-0200
9  Facsimile:  (202) 662-4643

10 Attorneys for Defendant
   NATIONAL CONFERENCE OF BAR EXAMINERS

11

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15 STEPHANIE ENYART,                          Case No.  C09-05191 CRB

16            Plaintiff,                       **DEFENDANT'S OBJECTIONS TO
                                              EVIDENCE SUBMITTED BY PLAINTIFF IN
17       v.                                    SUPPORT OF PLAINTIFF'S MOTION FOR
                                              PRELIMINARY INJUNCTION**
18 NATIONAL CONFERENCE OF BAR
   EXAMINERS, INC., ACT, INC., AND THE        Date:       January 29, 2010
19 STATE BAR OF CALIFORNIA,                   Time:       10:00 a.m.
                                              Courtroom:  8
20            Defendants.                     Before:     Hon. Charles Breyer

21

22        Defendant National Conference of Bar Examiners ("NCBE") hereby objects to the

23 following evidence presented by Plaintiff Stephanie Enyart ("Enyart") in support of her Motion

24 for Preliminary Injunction, set for hearing before this Court:

25 ///

26 ///

27 ///

28 ///

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

822800 v4/HN                    1.          DEF.'S OBJECTIONS TO EVIDENCE SUBMITTED
                                            BY PLAINTIFF ISO MOTION FOR PRELIM. INJXN
                                            C09-05191 CRB

## I.    VIDEO

In support of her Motion for Preliminary Injunction, Enyart submitted a video (the "Video"), which is attached as Exhibit B to the Declaration of Michael Hofmayer In Support of Plaintiff's Motion for Preliminary Injunction.  NCBE objects to portions of that video on the bases set forth below.

**Specific Evidence:**    Chapter One, which displays Enyart sitting at a desk while talking to the camera.

**Bases for Objection:**

(a)    NCBE objects to Chapter One on the grounds that it is the equivalent of live testimony, which is not permitted on a motion for preliminary injunction.  Northern District Local Rule 7.6.

(b)    NCBE further objects to Chapter One on the grounds that it testimony not under oath or affirmation.  FRE 603.

(c)    NCBE further objects to Chapter One on the grounds that it is inadmissible hearsay because it constitutes out-of-court statements not subject to cross-examination.  FRE 801, 802.

**Specific Evidence:**    Chapter Three, which displays Enyart using JAWS software alone (that is, without ZoomText).

**Basis for Objection:**    NCBE objects to Chapter Three on the grounds that it is irrelevant. FRE 402.  Enyart has not requested the use of JAWS alone as an accommodation, nor has the use of JAWS alone been offered as an accommodation by NCBE.  Accordingly, the reasonableness of JAWS alone as an accommodation is not at issue in this litigation.

**Specific Evidence:**    Chapter Four, which includes: (i) a narrative by Enyart describing her use of a CCTV; and (ii) a demonstration by Enyart of her use of a CCTV.

**Bases for Objection:**

(a)    NCBE objects to the narrative portion of Chapter Four on the grounds that it is the equivalent of live testimony, which is not permitted on a motion for preliminary injunction. Northern District Local Rule 7.6.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

822800 v4/HN

2.

DEF.'S OBJECTIONS TO EVIDENCE SUBMITTED
BY PLAINTIFF ISO MOTION FOR PRELIM. INJXN
C09-05191 CRB

(b)     NCBE further objects to the narrative portion of Chapter Four on the grounds that it is testimony not under oath or affirmation.  FRE 603.

(c)     NCBE further objects to the narrative portion of Chapter Four on the grounds that it is inadmissible hearsay because it constitutes out of court statements not subject to cross-examination.  FRE 801, 802.

(d)     NCBE objects to the demonstration portion of Chapter Four on the grounds that it is irrelevant.  FRE 402.  Enyart is purporting to demonstrate why a CCTV is not a reasonable accommodation for her, yet she is not demonstrating the CCTV in a manner that is equivalent to what has been offered to her as a reasonable accommodation.  First, she is using text that is printed with standard margins, which requires side to side sweeping to advance down a page of text.  On the MBE and MPRE, the text could be printed with sufficiently large margins to eliminate the need for side to side sweeping.  Declaration of David Damari in Support of NCBE's Opposition to Plaintiff's Motion for Preliminary Injunction ¶ 11.b.iii.  Furthermore, Enyart is using the CCTV without simultaneous audio input.  NCBE has informed Enyart that she is permitted to supplement her use of a CCTV with either a human reader or a CD-recorded version of the examination.  Declaration of Erica Moeser in Support of NCBE's Opposition to Plaintiff's Motion for Preliminary Injunction ¶ 6.  Because the simultaneous audio input is not included in the demonstration portion of Chapter 4, the demonstration is not simulating the accommodations that have been offered, and thus the demonstration is not relevant to any matter at issue.

(e)     NCBE further objects to the demonstration portion of Chapter Four on the grounds that its probative value is substantially outweighed by the danger of unfair prejudice or confusion.  FRE 403.  In the Chapter 4 demonstration, Enyart moves the CCTV stage very quickly.  As a result, the demonstration suggests that a CCTV produces a blurry, out of focus image that is likely to result in nausea.  The CCTV stage, however, is supposed to be moved slowly.  Damari Declaration ¶ 11.b.iii.  With proper use, there is no loss of focus or blurriness, and minimal risk of nausea.  *Id*.  Because the demonstration does not accurately represent CCTV functioning, the demonstration is likely to result in confusion and unfair prejudice.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

822800 v4/HN

3.

DEF.'S OBJECTIONS TO EVIDENCE SUBMITTED
BY PLAINTIFF ISO MOTION FOR PRELIM. INJXN
C09-05191 CRB

## II.    DECLARATION OF SILVANA RAINEY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION.

Enyart has submitted the Declaration of Silvana Rainey In Support of her Motion for Preliminary Injunction (the "Rainey Declaration").  NCBE objects to portions of the Rainey Declaration, as set forth below, on the grounds set forth below.

**Specific Evidence:**  Paragraphs 11 through 18 of the Rainey Declaration, which set forth Rainey's opinion that JAWS and ZoomText are the most effective accommodations for Enyart's functional limitation; and Paragraphs 19 through 23 of the Rainey Declaration, which set forth Rainey's opinion that the accommodations that have been offered to Enyart are not effective accommodations for Enyart's functional limitation.

**Bases for Objection:**

NCBE objects to Paragraphs 11 through 23 of the Rainey Declaration on the grounds that Rainey does not have the requisite knowledge, skill, experience, training or education to qualify as an expert on the matters on which she is opining.  FRE 702.  Rainey is not a doctor. Deposition of Silvana Rainey at 12:15-19, attached to the Declaration of Gregory Tenhoff In Support of Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction at Exhibit E. She has no medical knowledge, skill, experience, training, or education.  *Id*.  She did not review Enyart's medical records to obtain an understanding of her functional impairments, and did not conduct any testing related to Enyart's functional impairment.  (*Id*. at 65:4-13.)

Thus, Rainey does not have the knowledge, skill, experience, training or education to opine as to the nature or effects of Enyart's functional impairment, and which accommodations are reasonable in light of this impairment.  *See Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1160-61 (S.D. Cal. 2006)(nurse with primary expertise in medical field unrelated to disability at issue did not have sufficient training, experience or specialized knowledge to render an opinion on plaintiff's disability.).  Rainey is not qualified to assess Enyart's impairment from a medical standpoint, and to the extent Rainey is assessing Enyart's impairment based on some other criteria, she is not basing her opinion on sufficient facts or data.  FRE 702; *Farley v. Gibson*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

822800 v4/HN

4.

DEF.'S OBJECTIONS TO EVIDENCE SUBMITTED
BY PLAINTIFF ISO MOTION FOR PRELIM. INJXN
C09-05191 CRB

1    *Container, Inc.*, 891 F. Supp. 322, 326 (N.D. Miss. 1995)(medical information critical in

2    establishing impairment).

3        NCBE respectfully requests that the Court sustain the above objections and strike the

4    evidence referred to above.

5    Dated: January 8, 2010                  COOLEY GODWARD KRONISH LLP
                                             GREGORY C. TENHOFF (154553)
6                                            WENDY J. BRENNER (198608)
                                             LAURA A. TERLOUW (260708)
7

8
                                             _____/S/_____
9                                            Gregory C. Tenhoff (154553)
                                             Attorneys for Defendant
10                                           NATIONAL CONFERENCE OF BAR
                                             EXAMINERS
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

822800 v4/HN                                5.          DEF.'S OBJECTIONS TO EVIDENCE SUBMITTED
                                                        BY PLAINTIFF ISO MOTION FOR PRELIM. INJXN
                                                        C09-05191 CRB