LAURENCE W. PARADIS (CA Bar No. 122336)
lparadis@dralegal.org
ANNA LEVINE (CA Bar No. 227881)
alevine@dralegal.org
KARLA GILBRIDE (CA BAR NO. 264118)
kgilbride@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716

SCOTT C. LABARRE (pro hac vice admission granted)
LABARRE LAW OFFICES, P.C.
1660 S. Albion Street, Ste 918
Denver, Colo 80222
Telephone: (303) 504-5979
Fax: (303) 757-3640
slabarre@labarrelaw.com

DANIEL F. GOLDSTEIN (pro hac vice admission granted)
dfg@browngold.com
MEHGAN SIDHU (pro hac vice admission granted)
ms@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone: (410) 962-1030
Fax: (410) 385-0869

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE ENYART<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CONFERENCE OF BAR EXAMINERS, INC.,<br><br>Defendant. | Case NO. C09-05191<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A SECOND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 4, 2010<br><br>Time: 10:00 a.m.<br>Courtroom: 8 |

## NOTICE OF MOTION AND MOTION FOR A SECOND PRELIMINARY INJUNCTION

TO THE NATIONAL CONFERENCE OF BAR EXAMINERS AND THEIR ATTORNEYS OF RECORD:

Please take notice that on June 4, 2010 at 10:00 A.M., or as soon thereafter as counsel may be heard, before Judge Charles R. Breyer, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Courtroom 8, Plaintiff Stephanie Enyart ("Plaintiff") will move the Court under Federal Rule of Civil Procedure 65 and Civil Local Rules 65-2 and 7-2 for a mandatory preliminary injunction requiring Defendant National Conference of Bar Examiners ("NCBE") to provide specific requested accommodations to Plaintiff Stephanie Enyart on the August 2010 administration of the Multistate Professional Responsibility Exam ("MPRE") and on any other administration to Ms. Enyart of the California Bar Exam, the Multistate Bar Exam ("MBE") and/or the MPRE. This motion is brought on the grounds that Defendant, by denying Plaintiff her requested accommodations on these examinations, is in violation of the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12181, *et seq.*), and of the Unruh Civil Rights Act (California Civil Code §§ 51, *et seq.*), and on the basis that these violations have caused and are causing Plaintiff irreparable injuries. This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities and declarations filed herewith, and on such further written and oral argument as may be presented at or before the time the Court takes this motion under submission.

The relief that Plaintiff seeks from the Court is a preliminary injunction requiring NCBE to provide, and to instruct ACT, Inc. and the State Bar of California to provide, accommodations to Ms. Enyart with respect to the administration of the MPRE scheduled for August 6, 2010, as well as on any future administrations that Ms. Enyart may need to take of the MPRE and/or the California Bar Exam, including the MBE. At

---

*Enyart v. National Conference of Bar Examiners, et al.,* Case No.: C-09-05191
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

issue is Plaintiff's request for the accommodation on the MPRE and MBE of taking these examinations on a computer using two software programs: JAWS screen reading software and ZoomText screen magnification software, with the text of the exam questions presented in Ariel 14-point font. Plaintiff also seeks the accommodation of being permitted to set up the necessary computer equipment at the secure test location the day before the exam in order to ensure that all hardware and software is functioning properly. Plaintiff requests that the Court enjoin NCBE to provide, and to instruct ACT, Inc. and the State Bar of California to provide, the requested accommodations at issue on the August 2010 administration of the MPRE and any other administration to Ms. Enyart of the MPRE and MBE. Plaintiff requests that the injunction specify that the accommodations at issue be provided in addition to the other accommodations previously granted plaintiff by ACT and the State Bar of California for past administrations of the MPRE and MBE, respectively. Plaintiff is also willing to post a further bond of $2,500 to cover the expenses associated with providing these accommodations on the August 2010 MPRE in the event that NCBE prevails at trial, in addition to the $5,000 bond she already posted under the terms of the injunction that ordered NCBE to allow her to use JAWS and ZoomText on the February and March administrations of the subject exams.

Dated: April 30, 2010              DISABILITY RIGHTS ADVOCATES

                                   By:   /s/ Laurence Paradis

*Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C-09-05191
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## SUMMARY OF ARGUMENT

Stephanie Enyart, a blind law school graduate, previously petitioned this Court for an injunction requiring the National Conference of Bar Examiners ("NCBE") to grant her the accommodation of using a computer equipped with two software applications, JAWS and ZoomText, to take two licensing exams controlled by NCBE that are typically given in print form. The Court issued such an injunction on February 4, 2010 after holding a hearing on January 29, 2010. NCBE petitioned the U.S. Court of Appeals for the Ninth Circuit for an emergency stay of the February 4 injunction, but the stay was denied on February 23.

Ms. Enyart took the February 2010 California Bar Examination, including the Multistate Bar Exam ("MBE"), as well as the March 2010 Multistate Professional Responsibility Examination ("MPRE") with these software programs. She took both of these exams on laptop computers provided by NCBE, and she encountered problems configuring NCBE's laptops to work with her own large monitors, which she brought to both exams under arrangements previously made with the State Bar of California and ACT. Ms. Enyart also discovered that NCBE had installed security measures on its laptops that prevented her from displaying the test questions in the style and size of font that she is accustomed to using. The problems with configuring NCBE's equipment to work with Ms. Enyart's monitor delayed the start time for the MBE, causing those two test days to last longer than the allotted six hours. Ms. Enyart was also unable to read the questions on either exam in the font size that she has used throughout law school and in work settings, slowing down her reading time and resulting in increased eye fatigue.

On April 5, 2010, Ms. Enyart learned that her score on the March 2010 MPRE was not high enough to qualify her for admission to the California Bar. She will accordingly need to take the next administration of the MPRE, which is scheduled for

---

*Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C-09-05191
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

August 6 of 2010. Plaintiff's counsel has asked counsel for NCBE whether NCBE would be willing to let Ms. Enyart use JAWS and ZoomText on the August administration of the MPRE absent a court order and were informed that NCBE would not do so. Therefore, Ms. Enyart seeks a preliminary injunction similar to that granted on February 4, 2010 that would afford her the same accommodations covered by that injunction, thus allowing her to take the next administration of the MPRE in a manner that will not disadvantage her because of her disability. Ms. Enyart also seeks two slight modifications to the February 4 injunction that would address the problems with the font settings and with configuring the computer equipment, problems of which Ms. Enyart was not aware when she first moved for a preliminary injunction on December 24, 2009. Neither of these two modifications to the injunction language would impose any additional cost or burden on NCBE, and so their inclusion does not alter the balance of equities favoring the issuance of an injunction. Nothing else about the factual circumstances or the legal analysis in this case has changed since the Court issued its order awarding preliminary injunctive relief on February 4, 2010. Plaintiff thus respectfully requests that the Court issue an injunction to cover the provision of JAWS and ZoomText on the August 2010 administration of the MPRE and to specify that the test questions be provided in Ariel, 14-point font and that Ms. Enyart be permitted to connect her monitor and other peripheral devices to NCBE's laptop the day before the exam.

I.    **STATEMENT OF FACTS**

The facts regarding Ms. Enyart's need to use JAWS and ZoomText are identical to those cited in the Memorandum of Points and Authorities supporting Ms. Enyart's Motion for Preliminary Injunction filed on December 24, 2009. Specifically, Ms. Enyart's treating ophthalmologist, rehabilitation counselor, law school dean and adaptive technology specialist have all stated under oath that Ms. Enyart needs JAWS and

---

*Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C-09-05191
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

ZoomText to access complex written material like that contained on the MPRE.[1] Two experts retained by NCBE commented on Ms. Enyart's accommodation requests, though neither ever examined her; one admitted that he was not knowledgeable about the accommodations at issue, while the other agreed that Ms. Enyart needed the simultaneous auditory and visual input that JAWS and ZoomText provide.[2] None of the alternative accommodations offered by NCBE for past administrations of the MPRE, like use of a human reader or closed circuit television ("CCTV"), would allow Ms. Enyart to fully comprehend the language of the test questions, and many of the proffered accommodations would also expose her to significant side effects such as eye fatigue and nausea.[3] As the Court explained in its February 4 order granting Plaintiff's first request for a preliminary injunction, "[b]ecause the accommodations provided by NCBE will not permit Enyart to take the exam without severe discomfort and disadvantage, she has demonstrated the test is not 'accessible' to her" without the accommodations of JAWS and ZoomText.[4] Nothing about the medical evidence has changed in the intervening two and a half months. Yet when Plaintiff's counsel recently asked counsel for NCBE if NCBE would permit Ms. Enyart to use JAWS and ZoomText on a future administration of the MPRE absent a court order, NCBE responded that it would not do so.[5]

The only new facts that have emerged since the Court entered its order granting Plaintiff's first request for preliminary injunctive relief in this case are that Plaintiff took the two exams covered by that injunction with the ordered accommodations and that she received the results of one of those examinations, the MPRE. Ms. Enyart's score

---

[1] See Plaintiff's Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction filed December 24, 2009 ("Mot.") at 5.
[2] Mot. at 6-7.
[3] *Id.* at 7.
[4] Order Granting Plaintiff's Motion for Preliminary Injunction filed February 4, 2010 ("Order") at 5.
[5] Declaration of Daniel F. Goldstein in Support of Plaintiff's Motion for Preliminary Injunction ("Goldstein Decl."), ¶ 9.

*Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C-09-05191
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

on the March 2010 MPRE was not high enough to meet the eligibility requirements for obtaining a license to practice law in California, and she will thus have to retake the MPRE and achieve a higher score in order to be admitted to the California Bar.[6] The results of the February 2010 California Bar exam, including the MBE, are scheduled to be released on May 14. Plaintiff will supplement the record before this Court with information about her performance on the Bar exam once those results become available. However, because she will need to take the MPRE again regardless of whether she achieved a passing score on the February 2010 California Bar exam, and because NCBE has indicated that it will not permit her to use JAWS and ZoomText on the MPRE when it is next offered in August of 2010 without an applicable court order, Ms. Enyart must return to this Court for relief in order to take this vital licensing exam in a manner that properly accommodates her disability.

As she has previously explained, Ms. Enyart has used computers equipped with JAWS and ZoomText in academic and professional settings, including to take exams, for many years.[7] But before taking the MBE on NCBE's laptop in February of this year, Ms. Enyart had never taken an exam on a computer that was not her own.[8] She was accordingly surprised when she arrived for her first day of the MBE (which she took over two days in accordance with accommodations previously granted to her by the State Bar of California) only to find that NCBE had turned off many common functions in Microsoft Word on the laptop containing the test questions.[9] Because of these disabled features, Ms. Enyart could not change the font of the test questions to Ariel 14-point, the size and style of font that she uses when she reads text on a computer screen, but was forced to retain the default settings installed by NCBE, which displayed the test

---

[6] Goldstein decl. ¶ 8.
[7] Mot. pp. 2-3.
[8] Declaration of Stephanie Enyart in Support of Motion for Second Preliminary Injunction filed April 30, 2010 ("Enyart Decl."), ¶ 19.
[9] Enyart decl. ¶¶ 2, 8.

*Enyart v. National Conference of Bar Examiners, et al.,* Case No.: C-09-05191
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4

1  questions in a smaller point size in times New Roman font.[10] Ms. Enyart uses Ariel 14-
2  point font instead of Times New Roman because the Ariel 14-point letters are larger and
3  their lines are thicker and more sharply defined, making them easier for her to read.[11]
4  Yet neither Ms. Enyart nor the test administrators who were present during the MBE
5  were able to alter NCBE's default font settings because of the security measures NCBE
6  had installed on its laptop.[12] As a result Ms. Enyart was forced to read all 200 questions
7  on the MBE in a smaller, less bold font than the one she typically uses, slowing down
8  her reading speed, exacerbating her eye fatigue and leaving her exhausted by the end
9  of the second day of testing.[13] Ms. Enyart found the font used by NCBE so debilitating
10 that she took time away from answering questions to continue (ultimately without
11 success) attempting to adjust the font, even though she was unable to answer all of the
12 questions and had to enter guesses for eight questions that she did not have time to
13 read.[14]

14   Although the inability to adjust the font of the test questions was the most
15 significant problem Ms. Enyart experienced in terms of its impact on her testing
16 conditions, it was not the only problem that she encountered when taking the MBE on
17 NCBE's laptop. She also had difficulty configuring the laptop to work properly with her
18 large monitor, which she had used without incident in conjunction with her own laptop
19 on all other sections of the California Bar Exam.[15] When either of two available
20 monitors was first plugged into the NCBE laptop, a large black strip appeared across
21 the top and bottom of the monitor, obscuring large portions of the screen.[16] Although
22 this monitor problem, unlike the font problem, was ultimately resolved, the start time for
23 Ms. Enyart's first day of MBE testing was delayed for over two and a half hours while

---

[10] Enyart Decl. ¶ 7.
[11] Id.
[12] Enyart Decl. ¶¶ 10, 13.
[13] Id.
[14] Id.
[15] Enyart Decl. ¶ 3.

*Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C-09-05191
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

5

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

she and the test administrators attempted various fixes.[17] Ms. Enyart consequently did not complete the first day of MBE testing until 6 PM after arriving in her testing room at 8:30 that morning.[18]

With only one week between the MBE and the March 2010 administration of the MPRE, Ms. Enyart's attorneys promptly attempted to resolve these technical issues with NCBE's attorneys in hopes of forestalling similar problems from interfering with Ms. Enyart's ability to take the MPRE.[19] To prevent the delay that could occur if compatibility problems between NCBE's laptop and Ms. Enyart's peripheral equipment were not discovered until test day, her counsel asked if she could set up and test those peripheral devices with the laptop the day before the exam, with an ACT employee present to ensure that Ms. Enyart did not access any test questions.[20] Her attorneys also asked if the default font for the file containing the test questions could be changed to Ariel 14-point, without requiring NCBE to remove any of the security features it had put in place on its laptop.[21]

Counsel for NCBE suggested that any arrangement to set up computer equipment and trouble-shoot any compatibility problems the day before the exam would need to be made directly with ACT.[22] Ms. Enyart's counsel reached such an arrangement with ACT personnel, and Ms. Enyart connected her monitor, keyboard and trackball mouse to the NCBE laptop the day before the March MPRE, resolved the one compatibility problem that arose with a five-minute call to a technical support consultant, returned the NCBE laptop to the ACT employee for safekeeping while leaving her own computer equipment in the locked test room overnight, and was able to begin the MPRE

---

[16] Enyart Decl. ¶ 5, 11.
[17] Enyart Decl. ¶¶ 4-6.
[18] Enyart Decl. ¶¶ 2, 9.
[19] Goldstein Decl. ¶ 4.
[20] *Id.*
[21] *Id.*
[22] Goldstein Decl. ¶ 5.

*Enyart v. National Conference of Bar Examiners, et al.,* Case No.: C-09-05191
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

6

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  with no delay.[23] However, counsel for NCBE stated that it was too late to adjust the font
2  settings because the laptop had already been shipped to ACT by the time Plaintiff's
3  counsel brought the matter to NCBE's attention.[24] Thus Ms. Enyart was again forced to
4  read the entire exam, this time consisting of sixty questions, in the smaller Times New
5  Roman font, leading to fatigue and eye strain.[25]

## II. ARGUMENT

### A. Plaintiff Meets the Standards for a Preliminary Injunction.

The ADA authorizes injunctive relief to remedy acts of discrimination against persons with disabilities.[26] To obtain a preliminary injunction, plaintiff must demonstrate that she is likely to succeed on the merits and suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in her favor and a preliminary injunction is in the public interest.[27] Plaintiff previously made the requisite showing on all four of these factors when she requested and was granted a preliminary injunction requiring the same core accommodation that she is requesting here, the ability to use JAWS and ZoomText, on the February MBE and March MPRE.[28] The two additional accommodations being sought for the first time through this motion are minor modifications the need for which only came to Plaintiff's attention after she tried to take these exams on laptops provided by NCBE and that are necessary in order to give her access to the test material in a manner that will not disadvantage her while addressing NCBE's security concerns by allowing NCBE to use its own laptops. Neither of these modifications alters in any way the analysis that the Court has already conducted of the factors relevant to issuance of a preliminary injunction in this case. Accordingly, for all the reasons in the Court's February 4, 2010 order as well as the reasons set out in

---

[23] Enyart Decl. ¶¶ 15-17.
[24] Goldstein Decl. ¶ 5.
[25] Enyart Decl. ¶ 17; Goldstein Decl. ¶ 7.
[26] See 42 U.S.C. §121888(a)(1).
[27] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).
[28] Order at 2.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C-09-05191
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

7

Plaintiff's Memorandum of Points and Authorities in Support of Her Motion for Preliminary Injunction filed on December 24, 2009, Plaintiff meets all of the requirements for the awarding of preliminary injunctive relief.

### B. Bond Should Be Set at $2,500.

The order granting Plaintiff's previous motion for a preliminary injunction required her to post a bond in the amount of $5,000, which would be awarded to NCBE in the event it prevails at trial.[29] That order covered two exams, the February 2010 MBE and the March 2010 MPRE. As Ms. Enyart is currently seeking preliminary injunctive relief with respect to only one exam, the August 2010 MPRE, a further bond of $2,500 should be sufficient to protect NCBE's interests.

## III. CONCLUSION

For the foregoing reasons, Ms. Enyart respectfully requests that the Court grant her Motion for Preliminary Injunction, which compels NCBE to provide Ms. Enyart's requested accommodations, including the use of JAWS and ZoomText, the use of Ariel 14-point font for test questions, and the ability of Ms. Enyart to set up her monitor, keyboard and trackball mouse with NCBE's laptop the day before the exam, during the August 2010 MPRE and any future administrations that Ms. Enyart may need to take of the MBE or MPRE.

Respectfully Submitted,

Dated: April 30, 2010

DISABILITY RIGHTS ADVOCATES
By:  /s/ Laurence Paradis


LABARRE LAW OFFICES, P.C.
By:  /s/ Scott Labarre


BROWN, GOLDSTEIN & LEVY, LLP
By:  /s/ Daniel F. Goldstein

Attorneys for Plaintiff

---

[29] Order at 12.

*Enyart v. National Conference of Bar Examiners, et al.*, Case No.: C-09-05191
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF