COOLEY LLP
GREGORY C. TENHOFF (154553) (tenhoffgc@cooley.com)
WENDY J. BRENNER (198608) (brennerwj@cooley.com)
LAURA A. TERLOUW (260708) (lterlouw@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:    (650) 843-5000
Facsimile:     (650) 857-0663

FULBRIGHT & JAWORSKI L.L.P.
ROBERT A. BURGOYNE (rburgoyne@fulbright.com) (*pro hac vice*)
801 Pennsylvania Avenue, N.W.
Suite 500
Washington, D.C. 20004
Telephone: (202) 662-0200
Facsimile: (202) 662-4643

Attorneys for Defendant NATIONAL CONFERENCE OF BAR EXAMINERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE ENYART,<br><br>                Plaintiff,<br><br>        v.<br><br>NATIONAL CONFERENCE OF BAR EXAMINERS, INC.,<br><br>                Defendant. | Case No.  C09-05191-CRB<br><br>**POSITION OF DEFENDANT NATIONAL CONFERENCE OF BAR EXAMINERS ON POTENTIAL INJUNCTION SOUGHT BY PLAINTIFF FOR THE MBE PORTION OF THE FEBRUARY 2011 CALIFORNIA BAR EXAMINATION DURING PENDING NINTH CIRCUIT APPEAL**<br><br>**JUDGE: HON. CHARLES R. BREYER** |

1.      On December 3, 2010, the Court heard Defendant National Conference of Bar Examiners' ("NCBE") Motion for Continuance of Trial Date and Associated Pretrial Deadlines (the "Continuance Motion").  At the hearing, the Court requested that NCBE provide a written statement of its position as to an additional preliminary injunction which may be sought by Plaintiff Stephanie Enyart for the Multistate Bar Examination ("MBE") portion of the February

2011 California Bar Examination while the Consolidated Appeals of this Court's prior Orders are pending before the Ninth Circuit Court of Appeals. This submission sets forth the NCBE's position on this issue.

2. NCBE's position is as follows: NCBE continues to believe that the prior injunctions entered in this matter by the Court were in error. NCBE further believes that additional injunctions are not warranted by law. Nevertheless, in the interest of judicial economy, NCBE would file a Statement of Non-opposition pursuant to Local Rule 7-3(b) to a renewed motion by Plaintiff Stephanie Enyart for an injunction for the MBE portion of the February 2011 California Bar Examination, **provided that** all of the following conditions are met:

    a. Any such motion seeks the same accommodations which are set forth in Section 2 of this Court's June 22, 2010 Order Granting Second Preliminary Injunction (Docket No. 89), and is subject to a $5,000 bond.

    b. Ms. Enyart, through her counsel, agrees in a filing with this Court that Ms. Enyart will not assert or argue here or in the Ninth Circuit that NCBE's Statement of Non-opposition moots the Consolidated Appeal before the Ninth Circuit or any subsequent appeal(s), or otherwise prejudices in any way NCBE's right to appeal an additional preliminary injunction entered in favor of Ms. Enyart. NCBE's counsel is informed and believes, based upon communications with Ms. Enyart's counsel, that Ms. Enyart is willing to provide such a representation to the Court.

    c. The Ninth Circuit Court of Appeals has not issued its decision on the Consolidated Appeals as of the date of the February 2011 California Bar Examination. NCBE proposes the following process in the event the Ninth Circuit Court of Appeals issues a decision on the Consolidated Appeals prior to the February 2011 Bar Examination: the Parties shall notify the Court immediately upon such a ruling; the Parties shall promptly meet and confer as to any injunction for the February Bar Examination; and the Parties shall contact the Court for a telephonic hearing if they cannot agree upon the terms of an injunction for the February 2011 Bar Examination.

3. Through counsel, Ms. Enyart has asked NCBE to provide additional

accommodations relating to the administration of the February 2010, including additional administrative and technical steps relating to the computer-based administration of the MBE to Ms. Enyart. The Parties are currently meeting and conferring as to whether such accommodations can and should be taken in connection with a computer-based administration of the MBE during the February 2011 California Bar Examination should the Court order any such administration. The Parties will inform the Court by December 22, 2010, whether any such steps have been agreed upon and, if so, the nature of any such proposed actions for inclusion in any further Order from this Court.

4. In light of the above, NCBE renews the request set forth in the Continuance Motion that the trial date in this matter, and all associated pretrial deadlines (including any discovery cut-off deadlines), be continued from their currently scheduled dates. Pursuant to this Court's Minute Order from the December 3, 2010 hearing on the Continuance Motion, NCBE agrees to a stay of discovery while the Parties await a ruling from the Ninth Circuit. Finally, NCBE respectfully requests that the Court set a Case Management Conference for the purpose of setting a trial date, and all associated pretrial deadlines, after a ruling is received from the Ninth Circuit Court of Appeals.

Respectfully submitted,

Dated: December 10, 2010

COOLEY LLP

*I, Wendy Brenner, am the ECF User whose ID and password are being used to file this Position of Defendant NCBE On Potential Injunction. In compliance with General Order 45.X.B., I hereby attest that Robert Burgoyne has concurred in this filing.*

/S/
WENDY J. BRENNER (198608)
Attorneys for NCBE

Dated: December 10, 2010

FULBRIGHT & JAWORSKI L.L.P.

/S/
ROBERT A. BURGOYNE
Attorneys for NCBE
(rburgoyne@fullbright.com) (*pro hac vice*)