LAURENCE W. PARADIS (CA Bar No. 122336)
lparadis@dralegal.org
ANNA LEVINE (CA Bar No. 227881)
alevine@dralegal.org
KARLA GILBRIDE (CA Bar No. 264118)
kgilbride@dralegal.org
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Telephone:   (510) 665-8644
Facsimile:   (510) 665-8511
TTY:         (510) 665-8716

SCOTT LABARRE (*pro hoc vice*)
slabarre@labarrelaw.com
LaBarre Law Offices P.C.
1660 South Albion Street, Ste. 918
Denver, Colorado 80222
303 504-5979 (voice)
303 757-3640 (fax)

DAN GOLDSTEIN (*pro hoc vice*)
dfg@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone: (410) 962-1030
Fax: (410) 385-0869

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHANIE ENYART<br><br>             Plaintiff,<br><br>v.<br><br>NATIONAL CONFERENCE OF BAR EXAMINERS<br><br>             Defendant. | Case No.: C09-05191 CRB<br><br>**DECLARATION OF ANNA LEVINE IN SUPPORT OF PLAINTIFF'S MOTION FOR THIRD PRELIMINARY INJUNCTION**<br><br>Action Filed: November 3, 2009<br>Judge: Hon. Charles R. Breyer<br><br>**Date: February 11, 2011<br>Time: 10:00 a. m.<br>Courtroom: 8** |

I, Anna Levine, declare:

1. The facts in this declaration are based on my personal knowledge. If called to testify, I could testify competently to the facts described in this declaration.

2. I am an attorney of law duly admitted to practice before all the courts of the State of California, an active member in good standing of the United States District Court for the Northern District of California, and an attorney of record for Stephanie Enyart in the above-captioned case.

3. On August 2, 2010, immediately following the July 2010 Multistate Bar Examination ("MBE") administration, a fellow counsel for Ms. Enyart, Larry Paradis, notified counsel for ACT and for National Conference of Bar Examiners ("NCBE") that Ms. Enyart had not had a fully functioning accommodation at inspection the day prior to the July 2010 MBE, or during the test, itself.

4. Attached as Exhibit A is a true and correct copy of the email sent by Larry Paradis to Brian Maschler, counsel for ACT, and Gregory Tenhoff, counsel for NCBE, on August 2, 2010.

5. To minimize the chances of similar problems occurring on the August 2010 Multistate Professional Responsibility Examination ("MPRE") exam, Mr. Paradis made three, specific requests of ACT and NCBE: to ensure that when installing the two software programs there was no expired antivirus software on the laptop; to confirm that the operating system being used was Windows XP; to check as fully as possible that the JAWS and ZoomText programs were in fact working together properly, and that the cursor sychronized with the JAWS program as a user moved around within the text and stayed sychronized for at least 30 minutes of testing; and to provide ACT personnel with "administrative privileges" vis a vie the laptop, so that problems, if they arose, could be fixed. NCBE declined to grant the August 2, 2010 email request.

6. Attached as Exhibit B is a true and correct copy of Ms. Enyart's Notice of MPRE Results filed with the Ninth Circuit, dated October 18, 2010. As reflected in that

*Enyart v. National Conference of Bar Examiners,* Case No.: C 09-05191 CRB
DECLARATION OF ANNA LEVINE IN SUPPORT OF PLAINTIFF'S MOTION FOR THIRD PRELIMINARY INJUNCTION

1

1  document, the results of the August 6, 2010 MPRE were published on September 8,
2  2010. The MPRE score that Ms. Enyart received was sufficiently high to qualify her for
3  admission to the Bar in California if all other eligibility criteria are met.

4      7.    Attached as Exhibit C is a true and correct copy of Ms. Enyart's Notice of
5  July 2010 California Bar Exam Results, filed with the Ninth Circuit, dated November 22,
6  2010. As reflected in that document, the results of the July 2010 California Bar Exam
7  were released to test takers on November 19, 2010, and a list of candidates passing the
8  exam was made available to the public on November 21, 2010. Ms. Enyart did not
9  achieve a passing score on the July 2010 California Bar Exam.

10      8.    At the December 3, 2010 hearing on defendant's Motion for Continuance
11  of Trial Date and Associated Pretrial Deadlines, I indicated to counsel for NCBE and to
12  the Court that there were additional issues regarding the laptop and software to address
13  in a further injunction. The parties and the Court agreed that the parties would negotiate
14  regarding the additional issues and terms of a further injunction.

15      9.    On December 8, 2010, I sent NCBE a proposal regarding terms for
16  inclusion in a further preliminary injunction order to address the issues regarding a fully
17  functioning accommodation that Ms. Enyart had encountered on prior exam
18  administrations.

19      10.    A true and correct copy of my email to counsel for NCBE enclosing Ms.
20  Enyart's December 8, 2010 proposal is attached as Exhibit D.

21      11.    Ms. Enyart's December 8, 2010 proposal offered that Ms. Enyart would
22  obtain a new laptop computer on which the most recent versions of JAWS and
23  ZoomText would be installed, customized with her settings and with all proper drivers to
24  ensure compatibility of the programs, as well as with Windows 7, MS Word 2010, all
25  necessary drivers for the printer to be used by Ms. Enyart during the California Bar
26  exam, and antivirus software.  No other programs would be included on the laptop, and
27  the laptop would be devoid of any data files other than those necessary to the operation
28

*Enyart v. National Conference of Bar Examiners,* **Case No.: C 09-05191 CRB**
**DECLARATION OF ANNA LEVINE IN SUPPORT OF PLAINTIFF'S MOTION FOR THIRD PRELIMINARY INJUNCTION**

2

1  of the above-described software. NCBE would have the opportunity to inspect the
2  laptop prior to the examination, and thereafter keep the laptop permanently and use it in
3  whatever way it saw fit, and Ms. Enyart would not expect the laptop to be returned to
4  her.

5      11.    Following a written response to the December 8, 2010 proposal from
6  Wendy Brenner, counsel for NCBE, to me on December 9, 2011, stating that the terms
7  in the December 8, 2010 proposal would not be acceptable to NCBE, I sent a further
8  email clarifying that Ms. Enyart proposed to use, not her own laptop, but "a new laptop
9  that she can pre-configure and will then donate to NCBE."

10      12.    A true and correct copy of my December 9, 2010 email to counsel for
11  NCBE, clarifying the terms of the December 8, 2010 proposal, is attached hereto as
12  Exhibit E.

13      13.    To address NCBE's insistence on using a computer that NCBE would load
14  with software and provide, I sent counsel for NCBE a further, revised proposal on
15  December 9, 2010.  The primary terms of that proposal were (1) that NCBE make its
16  laptop available on Thursday, February 17, 2011 for inspection by Ms. Enyart and a
17  technical person of her choice to make certain that the software was loaded in working
18  order, with someone available who would have administrative privileges to fix programs
19  on the laptop, if necessary; and (2) that NCBE make its laptop available once more on
20  Monday, February 21, 2011, for Ms. Enyart to set up her peripherals at the same time
21  that she sets up the peripherals for her own laptop that she will use for the written
22  portion of the exam, with both laptops remaining set up for the duration of the exam.

23      14.    Attached as Exhibit F is a true and correct copy of the email that I sent
24  counsel for NCBE on December 9, 2010, containing the alternative proposal described
25  in paragraph 13, *supra*.

26
27
28

*Enyart v. National Conference of Bar Examiners,* **Case No.: C 09-05191 CRB**
**DECLARATION OF ANNA LEVINE IN SUPPORT OF PLAINTIFF'S MOTION FOR THIRD PRELIMINARY INJUNCTION**

3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

15. Counsel for NCBE responded by email on December 9, 2010 and indicated that she would consult with her client and respond. A true and correct copy of the email from counsel for NCBE dated December 9, 2010 is attached as Exhibit G.

16. On December 16, 2010, responding to a message from me on December 15, 2010 inquiring into the status of NCBE's response to our proposal, counsel for NCBE sent me a further email indicating that she would try to respond by the following day. A true and correct copy of the December 16, 2010 email from opposing counsel is attached as Exhibit H.

17. NCBE provided no substantive response to Ms. Enyart's December 9, 2010 proposals until December 20, 2010. In a letter dated December 20, 2010 from Wendy Brenner to Larry Paradis and Anna Levine, NCBE effectively agreed to all aspects of Ms. Enyart's proposal, except those involving administrative privileges.

18. A true and correct copy of the December 20, 2010 letter from opposing counsel is attached hereto as Exhibit I.

19. Ms. Enyart responded via counsel to NCBE's letter of December 20, 2010 in a letter dated December 21, 2010. The letter explained that a solution—and the preliminary injunction order— must include the opportunity for someone with administrative privileges to address any problem that requires such privileges, and that this could be done either by having such a person on site or with remote access.

20. A true and correct copy of my December 21, 2010 letter to counsel for NCBE is attached hereto as Exhibit J.

21. NCBE once again rejected the availability of anyone with administrative privileges, either onsite or at a remote location, by letter from Ms. Brenner dated December 23, 2010.  A true and correct copy of that letter is attached hereto as Exhibit K.

22. In a further effort to negotiate and avoid the need to file a motion to obtain relief, Ms. Enyart offered NCBE a further revised proposal, contained in one of two draft

*Enyart v. National Conference of Bar Examiners,* **Case No.: C 09-05191 CRB**
**DECLARATION OF ANNA LEVINE IN SUPPORT OF PLAINTIFF'S MOTION FOR THIRD PRELIMINARY INJUNCTION**

4

1  stipulations that counsel for Ms. Enyart sent counsel for NCBE on January 5, 2011.
2  Under the proposed alternative solution, if and only if a problem requiring it were
3  identified, the laptop would be returned to NCBE to be fixed in time for the examination,
4  rather than having someone available on-site with the administrative privileges
5  necessary to fix the laptop. To narrow the potential issues before the Court in the event
6  that a motion became necessary, one draft stipulation enclosed on January 5, 2011
7  included an alternative to the provision regarding administrative privileges, while one did
8  not, but reserved plaintiff's right to seek further relief by motion to the Court.
9      23.    A true and correct copy of my January 5, 2011 letter via email to counsel
10 for NCBE and the enclosed draft stipulations is attached as Exhibit L.  Due to a
11 typographic error, the date line states the date of the letter as December 29, 2010. The
12 letter was sent on January 5, 2011, as indicated by the email message attaching it.
13     24.    On January 7, 2011, counsel for NCBE contacted me, suggesting that our
14 technical advisors speak directly.  Attached as Exhibit M is an email I wrote to counsel
15 for NCBE, confirming arrangements and the subject for discussion between the
16 technical advisors.
17     25.    Via telephone call from Ms. Brenner on January 11, 2011, I was informed
18 that NCBE also rejected the alternative of shipping the laptop back to NCBE to be fixed
19 if it did not work. Ms. Brenner informed me that NCBE would offer an additional
20 conversation between the parties' technical advisors, and for NCBE to test the computer
21 and software with Stephanie's peripherals, to the extent possible. However, NCBE
22 would not guarantee the operability of the laptop it provides once Ms. Enyart attaches
23 her peripherals and adjusts the laptop to her settings.
24     25.    Attached as Exhibit N is a letter I sent to counsel for NCBE on January 11,
25 2011, confirming NCBE's offer and explaining why Ms. Enyart would not accept it.
26 //
27 //
28

*Enyart v. National Conference of Bar Examiners,* **Case No.: C 09-05191 CRB**
**DECLARATION OF ANNA LEVINE IN SUPPORT OF PLAINTIFF'S MOTION FOR THIRD PRELIMINARY INJUNCTION**

5

1    I declare under penalty of perjury that the foregoing is true and correct.

3    Executed on January 14, 2011, in Berkeley, California.

5                                                  /s/ Anna Levine

*Enyart v. National Conference of Bar Examiners,* Case No.: C 09-05191 CRB
**DECLARATION OF ANNA LEVINE IN SUPPORT OF PLAINTIFF'S MOTION FOR THIRD PRELIMINARY INJUNCTION**

6