# EXHIBIT E

## Anna Levine

**From:** Anna Levine
**Sent:** Thursday, December 09, 2010 10:10 AM
**To:** 'Brenner, Wendy'
**Subject:** RE: Enyart: Proposal for Third Preliminary Injunction

Hi Wendy,

I look forward to your call. Some preliminary thoughts:

To be clear, the proposal is not for Stephanie to use her own computer, but rather a new laptop that she can pre-configure and will then donate to NCBE. The purpose of this is to avoid issues that may have been caused by interference from unrelated programs on NCBE's laptop, such as expired antivirus software, for which Stephanie and staff on site at the examination did not have administrative privileges. However, if there are absolutely no terms different from the second preliminary injunction to which NCBE will agree, then their might not be much room for discussion.

Although the conveyance may have altered the message a bit, I hope that your second bullet point is encompassed by the paragraph at the end I added responsive to what I identified as (1). The wording you use in the second bullet point, however, is fine, and simpler, and we would be happy to use it.

The third bullet point confuses me. If the Ninth Circuit affirms Breyer's preliminary injunction orders, but does so say, mid-February, Stephanie would have no time to get a preliminary injunction, even though the Ninth Circuit ruling would support her entitlement to one. Our client cannot agree to a stipulated injunction that potentially waives relief supported by both the district and appellate court. We can agree to a similar provision, but only if it makes the stipulated injunction go away in the event that the Ninth Circuit overturns Breyer's preliminary injunction orders, but does not make the injunction go away if the Ninth Circuit affirms Breyer's orders.

Anna Levine, Staff Attorney
Disability Rights Advocates
2001 Center Street, Third Floor
Berkeley, California 94704-1204

510 665 8644 (Tel)
510 665 8716 (TTY)
510 665 8511 (Fax)

STATEMENT OF CONFIDENTIALITY
The contents of this e-mail message and any attachments are confidential and are intended solely for the addressee. This information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or at (510) 665-8644 or (510) 665-8716 (TTY) and delete the message and its attachments, if any.

-----Original Message-----
**From:** Brenner, Wendy [mailto:BRENNERWJ@cooley.com]
**Sent:** Thursday, December 09, 2010 9:26 AM
**To:** Anna Levine
**Subject:** RE: Enyart: Proposal for Third Preliminary Injunction

Hi Anna –

I will call you later today to discuss. I am sure, however, that these terms will not be acceptable to NCBE. NCBE is not willing to permit Ms. Enyart to use her own computer for the exam for a variety of reasons.

It sounds like Dan tried to convey our position on the stipulated injunction, but that the terms might not have been communicated precisely. To be clear, NCBE is willing to stipulate to an injunction for the February bar, provided:

- The injunction requirements are the same as the second preliminary injunction.
- Ms. Enyart will not take the position that this stipulation moots the appeal.
- The injunction will be contingent on the fact that no ruling is received from the Ninth Circuit prior to the test date. If the Ninth Circuit rules before the February bar date, then the stipulated injunction goes away.

Wendy Brenner
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Direct: (650) 843-5371 • Fax: (650) 849-7400

---

**From:** Anna Levine [mailto:alevine@dralegal.org]
**Sent:** Wednesday, December 08, 2010 4:20 PM
**To:** Brenner, Wendy
**Subject:** Enyart: Proposal for Third Preliminary Injunction

Dear Wendy,

Thank you for your message this afternoon. As I previously raised at the hearing on NCBE's motion for continuance last Friday, and discussed afterwards with Greg, Stephanie would like this third preliminary injunction to address technological problems that arose at the July and August 2010 test administrations. Attached is a proposal aimed at addressing those problems.

I understand from Dan Goldstein that NCBE, in turn, would like any stipulated preliminary injunction to include (1) an agreement that the stipulated injunction will not be used as evidence of their liability and (2) a provision that their agreement is void if the Ninth Circuit issues a decision before the February test administration.

To address (1), I have inserted a paragraph at the end of the attached document, borrowing from language that we included, at NCBE's request, in the cover letter filed with the stipulated terms for the second preliminary injunction order. We would be glad to hear your suggestions regarding (2).

I will be available by telephone all day tomorrow, and look forward to talking with you about this.
Sincerely,


Anna

Anna Levine, Staff Attorney
Disability Rights Advocates
2001 Center Street, Third Floor
Berkeley, California 94704-1204

1/13/2011

510 665 8644 (Tel)
510 665 8716 (TTY)
510 665 8511 (Fax)

STATEMENT OF CONFIDENTIALITY
The contents of this e-mail message and any attachments are confidential and are intended solely for the addressee. This information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or at (510) 665-8644 or (510) 665-8716 (TTY) and delete the message and its attachments, if any.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.