# EXHIBIT J



**DISABILITY RIGHTS ADVOCATES**

A non-profit corporation

2001 Center Street, Fourth Floor
Berkeley, CA 94704-1204
Phone (510) 665-8644
Fax (510) 665-8511
TTY (510) 665-8716
www.dralegal.org

**BOARD OF DIRECTORS**
William F. Alderman
*Orrick, Herrington & Sutcliffe LLP*
Leslie Aoyama
*Nordstrom Inc.*
Mark A. Chavez
*Chavez & Gertler LLP*
Linda Dardarian
*Goldstein, Demchak, Baller, Borgen & Dardarian*
Benjamin Foss
*Intel Corporation*
Lucy Lee Helm
*Starbucks Coffee Company*
Pat Kirkpatrick
*Fundraising Consultant*
Joshua Konecky
*Schneider Wallace Cottrell Brayton Konecky LLP*
Janice L. Lehrer-Stein
*Consultant*
Bonnie Lewkowicz
*Access Northern California*
Jessica Lorenz
*Independent Living Resource Center San Francisco*
Laurence Paradis
*Disability Rights Advocates*
Eugene Alfred Pinover
*Willkie Farr & Gallagher LLP*
Cristina Rubke
*Shartsis Friese LLP*
Michael P. Stanley
*Legal Consultant*
**ATTORNEYS AND FELLOWS**
Laurence Paradis
*Executive Director*
Sid Wolinsky
*Litigation Director*
Melissa Kasnitz
*Managing Attorney*
Kevin Knestrick
*Supervising Staff Attorney*
Mary-Lee Kimber Smith
*Staff Attorney*
Anna Levine
*Staff Attorney*
Ronald Elsberry
*Staff Attorney*
Julia Pinover
*Staff Attorney*
Karla Gilbride
*Staff Attorney*
Becca Von Behren
*Staff Attorney*
Rebecca Williford
*LD Access / Ryder Foundation Fellow*
Elizabeth Leonard
*Penn Law Public Interest Fellow*
Kara Werner
*John W. Carson / LD Access Fellow*
**ADVISORY BOARD**
Joseph Cotchett
*Cotchett, Pitre & McCarthy*
Hon. Joseph Grodin
*Retired Justice, Calif. Supreme Court*
Kathleen Hallberg
*Ziffren, Brittenham & Branca*
Karen Kaplowitz
*New Ellis Group*
Hon. Charles Renfrew
*Retired, United States District Judge*
Margaret R. Roisman
*Roisman Henel LLP*
Guy T. Saperstein
Todd Schneider
*Schneider Wallace Cottrell Brayton Konecky LLP*
Fernando M. Torres-Gil, Ph.D.
*University of Calif. Los Angeles*
Gerald Uelmen
*Santa Clara University School of Law*

Via Email and U.S. Mail

Gregory Tenhoff
Wendy Brenner
Cooley Godward Kronish, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

December 21, 2010

> **Re:   *Enyart v. National Conference of Bar Examiners***
> **Potential Injunction for February 2011 Bar Exam**

Dear Ms. Brenner and Mr. Tenhoff,

Thank you for your letter dated December 20, 2010, responding to Ms. Enyart's requested modification to the second preliminary injunction order.

Unfortunately, what NCBE proposes in the December 20, 2010 letter does not guarantee that testing of the accommodations prior to the examination will have any meaning. The order must provide not only the opportunity to identify problems, but a meaningful opportunity to fix problems that may occur. What NCBE proposes cannot do so if the problem is of a nature that cannot be fixed on site without administrative privileges. For NCBE to provide both opportunities, someone must be available who has administrative privileges, at the very least in the event that a problem is identified on February 17, 2011.

Therefore, a solution—and the preliminary injunction order—must include the opportunity for someone with administrative privileges to address any problem that requires such privileges. This can be done either by having such a person on site or with remote access.

The prior administrations demonstrate that without administrative privileges the universe of what can be fixed on site is severely bounded. At the test administration in February 2010, Stephanie was told that NCBE did not have the ability to fix a problem with the MS Word font, because the program settings had been locked and no one was

available with the capacity to change them. At the test administrations in July and August 2010, NCBE did not have the ability to fix a problem with the screen reading software that it had loaded on the computer. Again, no one was available with the capacity to make suggested changes, such as removing an expired anti-virus program, that technical support told Stephanie might fix the problem.

We further wish to get clarity on one of the terms in your letter. We requested that NCBE make its laptop available on Thursday, February 17, 2011 for inspection by Stephanie and a technical person of Stephanie's choice to make certain that the software is loaded in such a way that it works. Your response states that "NCBE will make the NCBE-provided laptop available to Ms. Enyart for inspection and set-up on February 17, 2011, and provide her with access again on February 21, 2011." We want to clarify that at the inspection on February 17, 2011, Stephanie may be allowed to bring with her a person with assistive technology expertise, to help identify and, if necessary, fix any problems that arise with the software or hardware. If a problem is identified on February 17 that cannot be resolved on that date, NCBE should communicate with Stephanie between February 17 and February 21 if the identified problem has been fixed during that interval, or if NCBE has determined that the problem will not be fixed by February 21. If NCBE has determined that the problem will not be fixed by February 21, 2011, Stephanie should have access to the same person with assistive technology expertise on February 21, to help try to fix the problem on that date.

We look forward to your response. We expect to be able to provide the court by December 22, 2010 with a reply regarding the terms to which the parties have agreed, and terms, if any, requiring a further motion, and thus precluding a stay of proceedings.

Sincerely,

Anna Levine