# EXHIBIT R

## Brenner, Wendy

| | |
|---|---|
| **From:** | Augustino, Robin |
| **Sent:** | Thursday, December 23, 2010 2:43 PM |
| **To:** | alevine@dralegal.org |
| **Cc:** | Brenner, Wendy |
| **Subject:** | Enyart v. NCBE |

Counsel –

Please see the attached correspondence.



12-23-10 Ltr
o A. Levine.pc


**Robin (Romine) Augustino**
Legal Secretary to Wendy Brenner~Joshua Mates~Scott Petersmeyer
Cooley LLP
Five Palo Alto Square • 3000 El Camino Real
Palo Alto, CA 94306-2155
Direct: (650) 843-5233 • Fax: (650) 849-7400
Email: raugustino@cooley.com • www.cooley.com

1



Wendy J. Brenner  
(650) 843-5371  
brennerwj@cooley.com

VIA EMAIL AND US MAIL

December 23, 2010

Anna Levine  
Disability Rights Advocates  
2001 Center Street, Fourth Floor  
Berkeley, CA 94704

RE: *Enyart v. National Conference of Bar Examiners*

Dear Ms. Levine:

This letter responds to your December 21, 2010 letter concerning additional requests of Ms. Enyart with respect to modifications to the second preliminary injunction issued in this matter.

First, Ms. Enyart has requested to bring "a technical person of [her] choice to make certain that the software is loaded in such a way that it works" when the laptop is made available for her inspection on February 17, 2011, and again on February 21, 2011, if necessary. That is acceptable to NCBE, **provided that** (1) it is acceptable to the California Bar, and (2) Ms. Enyart confirms her understanding that NCBE is not responsible for the effects of any adjustments made to the laptop by Ms. Enyart and her assistant.

Second, your letter reiterates Ms. Enyart's request that NCBE supply an individual with "administrative privileges" to address any problems that arise during set up. NCBE has previously articulated its position on this topic – NCBE will not provide administrative privileges to anyone. NCBE will provide someone knowledgeable about the NCBE hardware and software, as previously indicated. The NCBE representative available by telephone to assist Ms. Enyart on both February 17 and February 21, 2011 will not use his/her administrative privileges, nor will he/she transfer that ability. When the laptop leaves NCBE, it will be in working order. To the extent Ms. Enyart or her assistant changes settings in the software and/or attaches peripherals, NCBE cannot be responsible for the effects of such changes, and is not willing to start adding, removing or modifying the data on the laptop after it leaves NCBE's possession based upon Ms. Enyart's modifications. This is a secure, standardized exam, and NCBE cannot guarantee the security of the exam, nor report a score if there has been interference with the data, if it cannot ensure the integrity of the data on the laptop.

With respect to past administrations of the exam, NCBE disputes the significance of the issues raised in your letter and/or that such issues could have been avoided if someone with administrative privileges had been present. For example, with respect to the font issue on the first administration, despite extensive communications between the parties and their counsel prior to the examination, Ms. Enyart never mentioned that she required a certain font or font size. And, indeed, it surprised NCBE that a certain font size was desired given that she is using magnification software. Nevertheless, as Ms. Enyart raised that issue, it has been addressed.



Anna Levine
December 23, 2010
Page Two

With respect to the second administration, we understand that Ms. Enyart reported minor synchronicity issues, however, as previously discussed, those issues were not present when the laptop was shipped by NCBE. Nor is it clear that such problems could have been addressed if the outdated antivirus program was removed – that was pure speculation on someone's part and is not consistent with the fact that the software operated without problem when it left NCBE. Indeed, NCBE's technical staff has consulted with the software vendors and been counseled that using JAWS and ZoomText together, as opposed to one seamless voice and magnification product, introduces synchronization risks acknowledged by the vendors that cannot always be effectively resolved. Ms. Enyart's decision to alter the size of the font from 12- to 14-point type may in fact be the reason that the cursor behaved differently between the two administrations. Finally, NCBE's analysis of Ms. Enyart's performance on the test does not support an argument that her performance was impacted by the reported problem. To the extent Ms. Enyart runs into unanticipated hesitations on the next administration of the exam, she should work with California to obtain stop-the-clock breaks.

Sincerely,

Cooley LLP

*/s/ Wendy J. Brenner*

Wendy J. Brenner