# EXHIBIT U

## Brenner, Wendy

| | |
|---|---|
| **From:** | Raziya Brumfield [rbrumfield@dralegal.org] |
| **Sent:** | Tuesday, January 11, 2011 3:51 PM |
| **To:** | Brenner, Wendy; Tenhoff, Gregory |
| **Cc:** | Anna Levine; Larry Paradis; Karla Gilbride |
| **Subject:** | Enyart v. NCBE |
| **Attachments:** | Letter.to.NCBE.1-11-11.pdf |

Attached please find correspondence from Anna Levine regarding the above referenced matter.


Best,

Raziya Brumfield
Disability Rights Advocates
2001 Center Street, Third Floor
Berkeley, California  94704-1204

510 665 8644 ext. 173(Tel)
510 665 8716 (TTY)
510 665 8511 (Fax)

STATEMENT OF CONFIDENTIALITY
The contents of this e-mail message and any attachments are confidential and are intended solely for the addressee. This information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or at
(510) 665-8644 or (510) 665-8716 (TTY) and delete the message and its attachments, if any.

1



**DISABILITY RIGHTS ADVOCATES**

2001 Center Street, Fourth Floor
Berkeley, CA 94704-1204
Phone (510) 665-8644
Fax (510) 665-8511
TTY (510) 665-8716
www.dralegal.org

**BOARD OF DIRECTORS**
William F. Alderman
*Orrick, Herrington & Sutcliffe LLP*
Leslie Aoyama
*Nordstrom Inc.*
Mark A. Chavez
*Chavez & Gertler LLP*
Linda Dardarian
*Goldstein, Demchak, Baller, Borgen & Dardarian*
Benjamin Foss
*Intel Corporation*
Lucy Lee Helm
*Starbucks Coffee Company*
Pat Kirkpatrick
*Fundraising Consultant*
Joshua Konecky
*Schneider Wallace Cottrell Brayton Konecky LLP*
Janice L. Lehrer-Stein
*Consultant*
Bonnie Lewkowicz
*Access Northern California*
Jessica Lorenz
*Independent Living Resource Center San Francisco*
Laurence Paradis
*Disability Rights Advocates*
Eugene Alfred Pinover
*Willkie Farr & Gallagher LLP*
Cristina Rubke
*Shartsis Friese LLP*
Michael P. Stanley
*Legal Consultant*

**ATTORNEYS AND FELLOWS**
Laurence Paradis
*Executive Director*
Sid Wolinsky
*Litigation Director*
Melissa Kasnitz
*Managing Attorney*
Kevin Knestrick
*Supervising Staff Attorney*
Mary-Lee Kimber Smith
*Staff Attorney*
Anna Levine
*Staff Attorney*
Ronald Elsberry
*Staff Attorney*
Julia Pinover
*Staff Attorney*
Karla Gilbride
*Staff Attorney*
Becca Von Behren
*Staff Attorney*
Rebecca Williford
*LD Access / Ryder Foundation Fellow*
Elizabeth Leonard
*Penn Law Public Interest Fellow*
Kara Werner
*John W Carson / LD Access Fellow*

**ADVISORY BOARD**
Joseph Cotchett
*Cotchett, Pitre & McCarthy*
Hon. Joseph Grodin
*Retired Justice, Calif. Supreme Court*
Kathleen Hallberg
*Ziffren, Brittenham & Branca*
Karen Kaplowitz
*New Ellis Group*
Hon. Charles Renfrew
*Retired, United States District Judge*
Margaret R. Roisman
*Roisman Henel LLP*
Guy T. Saperstein
Todd Schneider
*Schneider Wallace Cottrell Brayton Konecky LLP*
Fernando M. Torres-Gil, Ph.D.
*University of Calif. Los Angeles*
Gerald Uelmen
*Santa Clara University School of Law*

A non-profit corporation

Wendy Brenner
Cooley Godward Kronish, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

*Via Email and U.S. Mail*

January 11, 2011

Re:   **Enyart v. National Conference of Bar Examiners**
      **Proposed Preliminary Injunction Order**

Dear Wendy,

This letter responds to NCBE's offer regarding alternatives to the availability of someone with administrative privileges, which you conveyed via telephone, today, following the conversation between the parties' technical advisors on Friday, January 7, 2011.

In our telephone call, you explained that NCBE's understanding is that no one knows what caused the problems that Stephanie described on the July and August exam administrations; that the problem would not have been fixed by the availability of someone with administrative privileges; and that the problem was resolved, because Stephanie was able to finish the exam. You indicated that what NCBE is willing to offer is the following:

(1) An additional conversation between the parties' technical advisors, so long as the technical person is the same person who will assist Stephanie during her set-up and testing of the laptop and peripherals on February 17, 2011;
(2) For NCBE to test the laptop with Stephanie's peripherals (monitor, keyboard, and mouse), if she will ship them, or if she will designate their make and model, to test the laptop with the same make and model peripherals insofar as they are available.

I asked if NCBE is willing to take responsibility for the working order of the hardware and software, such that when Stephanie sets up the laptop with her peripherals and it is not in working order, NCBE will be in violation of the court's order. You responded that NCBE absolutely is unwilling to agree to such a condition. You indicated that the language of the order would instead need to be the same as that negotiated for the purpose of prior orders: that NCBE does not guarantee the interoperability of

Stephanie's peripherals with the computer it provides. You reiterated that when the laptop leaves NCBE, it will be in working order, and that NCBE will not guarantee that it works once Stephanie adjusts it to her settings and sets up her peripherals.

NCBE's two counter-proposals do not address the problems with NCBE's laptop during Stephanie's prior exam administrations. More to the point, we seem to be unable to come to agreement about NCBE's responsibility to address such problems if and when they do occur. Because of this fundamental disconnect, our client will not accept NCBE's proposals.

As we indicated in our letter of January 5, 2011, failing our preference to resolve all issues regarding accommodations on the February MBE by stipulation, Stephanie will move for an injunction, now by January 14, 2011, as provided in the court's order granting our Motion to Shorten Time, to get the accommodations she needs in place in time for the February test administration.

With our January 5, 2011 letter, we provided both a draft stipulation that encompassed the question of administrative privileges, and one that addressed all other issues, while reserving Stephanie's right to pursue the question of administrative privileges by motion to the court. On January 6, 2011, you informed me that you would be getting comments regarding the draft stipulation from your client the following day, and were marking up the "motion" version. To date, we have not received any revised draft stipulation from NCBE. Please let us know whether you will sign the "motion" stipulation, once again attached, or whether Stephanie needs to pursue her other accommodations with the court, as well.


Sincerely,

Anna Levine

Enclosure (1)