# EXHIBIT V

**Brenner, Wendy**

| | |
|---|---|
| From: | Daniel F. Goldstein [dfg@browngold.com] |
| Sent: | Wednesday, January 12, 2011 10:52 AM |
| To: | Brenner, Wendy |
| Subject: | 2nd try on a laptop with a mind of its own |

Wendy,

I am out at meetings all day, but I received your message. I appreciate your concern about reaching out to a different member of the team; as it happens, Anna's frustrations mirror yours. I don't know if I will do any better, but let me back off the details for a minute to try to state our goal.

From our perspective, NCBE is obligated to provide the ordered accommodation, an obligation that is meaningful only if the accommodation works. It is certainly the case that we believe that NCBE must be responsible for all aspects of this that it can control, recognizing that power outages, earthquakes, etc. are not. Our sense has been that NCBE's view is that it washes its hands of the matter when it ships the laptop and if it doesn't work, it is not NCBE's problem. I hope that is correct. We thought it mutually advantageous for Stephanie to provide the peripherals she typically uses rather than NCBE supplying those same peripherals, but you need to tell us what NCBE needs—her drivers, her peripherals, NCBE providing those same peripherals—so that NCBE can tell the court it is providing the accommodation. Given the history of technical issues the first two times, our question has been and remains—what will NCBE do if the laptop arrives in San Francisco and the accommodation doesn't work in order to ensure that it meets its responsibility? The most obvious solution is for someone with administrative privileges to be available, but there is also the possibility of shipping the laptop back and forth between testing and administration to correct any problem that emerges. What we can't agree to is that if the laptop arrives and the accommodation is not working that the response from NCBE is not, "we're sorry, we washed our hands of this once we shipped it."

Because we are running out of runway (I was a little surprised NCBE wouldn't agree to shortening time), we will need to get something on file with the court, but I am certainly willing to keep talking to see how this can be resolved.

I appreciate how hard both you and Anna have worked toward resolving this. I agree with you that this should be resolvable and if I can contribute, rather than complicate things further, please feel free to call on me. It will still be part of the workday out west when I get out of this conference and will call to touch base if I haven't heard from you by then.

Best,

Daniel F. Goldstein
Brown, Goldstein & Levy, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202

1

(410)962-1030
(410)385-0869 (fax)
443-923-1314 (direct dial)
dfg@browngold.com
www.browngold.com

Please consider the environment before printing this email.

Confidentiality Notice

This e-mail may contain confidential information that may also be legally privileged and that is intended only for the use of the Addressee(s) named above. If you are not the intended recipient or an authorized agent of the recipient, please be advised that any dissemination or copying of this e-mail, or taking of any action in reliance on the information contained herein, is strictly prohibited. If you have received this e-mail in error, please notify me immediately by use of the Reply button, and then delete the e-mail from your system. Thank you!